MARY HUYETT, ADMINISTRATRIX, RESPONDENT, v. PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

Submitted July 3, 1914—Decided October 16, 1914.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The defendant argues that the Workmen's Compensation act of 1911 is unconstitutional, because it embraces two objects, and one only is expressed in the title. The point is thus stated in his brief: 'The act in its title prescribes only

the liability of an employer to make compensation for injuries received by an employe, &c., and does not provide for compensation by an employer to the next of kin of an employe who is killed in the course of his employment.' We are unable to adopt defendant's view. It seems to us that the object of the act is single—to provide for the liability of an employer to make compensation for injuries received by an employe. Whether the compensation is to be made to the employe himself or to those who suffer pecuniary loss by reason of his injuries, it is equally a liability of the employer. Whether the injuries result in death or not, they are naturally and properly spoken of as injuries received by an employe. The expression 'fatal injuries' is not uncommon or improper. That this single object of providing for the liability of the employer is expressed in the title sufficiently appears from a mere reading of that portion of the title we have already quoted.

"The only other point suggested is that the trial judge allowed compensation based on the wages which the decedent was receiving at the time of the accident. These wages were somewhat greater than he had previously been receiving. Section 2, paragraph 11, *a* and *b*. expressly provides that the compensation for temporary disability and for disability, total in character and permanent in quality, shall be fifty per centum of the wages received at the time of injury. Subdivision *c* bases the compensation on daily wages, while paragraph 12 speaks only of wages of deceased. But we think this must mean wages at the time of injury. This may, indeed, result in injustice to the employer when the employe is paid by the piece and his earnings are unusually high at the time of injury, and in injustice to the employe when his earnings are unusually low. That, however, is a defect that the legislature may correct.

"The judgment is affirmed, with costs."

For the appellant, *Gaskill & Gaskill*.

For the respondent, *James Russell Currow*.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.