Vester Gas Range & Mfg. Co. v. Leonard.

VESTER GAS RANGE & MFG. CO. *v.* TAYLOR LEONARD.*

(*Nashville.* December Term, 1923.)

1. **MASTER AND SERVANT.** Evidence in compensation case held to warrant finding disease resulted from injury arising out of and in course of employment.

Evidence, though conflicting, *held* to warrant finding that a disease of the kidneys, described as pyelitis, with which employee was found to be afflicted seven weeks after an injury to his back, sustained while performing duties for his employer, was the result of injury arising out of and in the course of his employment, within workmen's compensation statute. (*Post, pp.* 669-671..

Acts cited and construed: Acts 1919, ch. 123.

2. **MASTER AND SERVANT.** Trial court's finding on evidence in compensation case conclusive.

On appeal from a judgment for compensation under the workmen's compensation statute, the supreme court must take the view of the evidence most favorable to petitioner's claim, and if there is any material evidence to support a finding of the trial judge, his finding will be treated as conclusive on questions of fact, though the preponderance of the evidence be against the finding. (*Post, pp.* 671- 672.)

---

*On injuries arising out of and in the course of employment within the meaning of the Workmen's Compensation Acts, see notes in L. R. A. 1916A, 40; 232; L. R. A. 1917D, 114 and L. R. A. 1918F, 896.

On necessity and sufficiency of evidence that disease contracted by applicant for compensation is attributable to his employment under Workmen's Compensation Statutes, see note in 20 A. L. R. 4.

On conclusiveness of findings as whether injury was one arising out of or in the course of employment within meaning of Workmen's Compensation Acts, see note in L. R. A. 1918F, 915.

The question of applicability of general Statute of Limitations to action or proceeding under Workmen's Compensation Laws is discussed in note in 16 A. L. R. 462.

Vester Gas Range & Mfg. Co. v. Leonard.

Case cited and approved: Milne v. Sanders, 143 Tenn., 603.

3. **MASTER AND SERVANT.** Settlement, not approved by court, held no bar to claim for additional compensation.

Where employee's settlement with insurance company was not approved by the circuit court, as required by Workmen's Compensation Act, section 27, and by employee's receipt, the employee was not barred from claiming further compensation, and the court did not lose its jurisdiction, where suit was instituted within one year after employer's default as required by Workmen's Compensation Act, section 31, subsec. 3. (*Post, pp.* 672, 673.)

4. **CONSTITUTIONAL LAW.** Employer, electing to operate under workmen's compensation statute, may not challenge its validity.

The workmen's compensation statute is elective, and employer who elected to operate under it and to accept its terms could not challenge the validity of any of its provisions, as being violative of Constitution, article 1, sections 8, 21, prohibiting the deprivation of rights and of property without due process and without just compensation. (*Post, pp.* 673-675.)

Cases cited and distinguished: H. G. Goelitz Co. v. Industrial Board, 278 Ill., 164; Wabash R. Co. v. Industrial Commission, 286 Ill., 194.

Constitution cited and construed: Sec. 8, art. 1, sec. 21, art. 1.·

5. **MASTER AND SERVANT.** Employer held to have waived written notice of injury to compensation claimant.

Where an employee, who sustained an injury, in less than two weeks orally reported it to employer's foreman, who made out a report, after which employee was sent to the employer's physician and was treated by him for the injury, and three months later the employer made a settlement with employee, taking a receipt acquitting it in full of further liability, the employer waived the written notice required by Workmen's Compensation Act, section 22. (*Post, p.* 675.)

Cases cited and approved: Davies v. Point of Ayr Collieries, 2 B. W. C. C. (Eng.), 157; Turnbull v. Vickers, 7 B. W. C. C. (Eng.) 396; Ralph v. Mitchell, 6 B. W. C. C. (Eng.), 678.

FROM DAVIDSON.

Error to the Circuit Court of Davidson County.—HON. OSCAR YARNELL, Judge.

RANKIN, FRAZIER & ROBERTS, for plaintiff. in error.

H. A. BLACKWILL, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the Court.

The petition in this case was filed in. the circuit court of Hamilton county by Taylor Leonard, who will hereinafter be referred to as petitioner, against Vester Gas Range & Manufacturing Company, who will hereinafter be referred to as defendant, to recover compensation for an alleged injury sustained by petitioner while in the employ of the defendant, who was operating under the workmen's compensation statute (Acts 1919, chapter 123), which injury, the petition alleges, arose out of and in the course of petitioner's employment on December 10, 1921.

Defendant answered the petition, denying that petitioner sustained any injury whatsoever while in the employ of defendant, and averred that petitioner's disability was caused from a disease which had no connection with his employment, and for which defendant was in no. way responsible. .

The answer further averred that, while defendant refused to recognize its liability to petitioner for compensation for his alleged injury, it did, on March 11, 1922, pay petitioner the sum of $97.50, in full settlement of his alleged claim, and that he accepted this sum in full satisfaction thereof, and signed a regular compensation re-

ceipt acquitting defendant of further liability to him for compensation.

The answer also set up a further defense to petitioner's claim that there was a failure on the part of petitioner to give defendant notice of the accident and injury, as required by section 22 of the workmen's compensation statute, and that therefore on this further ground petitioner's claim for compensation was barred.

To defendant's answer petitioner filed a replication, in which it was averred that, in about ten days after he sustained the injury complained of, he orally reported his injury to defendant's foreman, who made a memorandum of his injury, and sent petitioner to defendant's physician, Dr. J. B. Haskins, for treatment, and thereafter petitioner was sent to Mr. Roberts, who represented the Mutual Liability Insurance Company, with which company defendant was insured, and that Mr. Roberts, as agent of the insurance company, paid to petitioner the sum of $97.50, which sum was in settlement, for thirteen weeks' compensation, to which petitioner was entitled under the workmen's compensation statute; that said payment covered compensation due from defendant to petitioner from December 10, 1921, to March 4, 1922, at the rate of $7.50 per week; that petitioner did sign a written release to defendant for said sum, but did not know that he was signing a release in full settlement for compensation and acquitting defendant of further liability; that said settlement was not binding upon petitioner, because it was not approved by the judge of the circuit court, as required by section 27 of the workmen's compensation statute.

The case was heard by the circuit judge upon the plead-

ings and proof, and a judgment was rendered against defendant and in favor of petitioner for the sum of $7.50 per week from March 4, 1922, during the period of his disability from said injury, but, however, not to exceed three hundred weeks, less the sum of $97.50, previously paid to petitioner by defendant, which sum the court ordered to be credited on and deducted from the recovery awarded. The judgment further provided that the amount awarded might be modified on future application by defendant to the court on the ground of any decrease in petitioner's disability.

From this judgment defendant has appealed to this court and assigned errors. While there are a number of specifications of error assigned, counsel for defendant expressly state in their brief that they only present the following propositions:

"First. There is no material proof that the plaintiff received an accidental injury arising out of and in the scope of his employment with the defendant.

"Second. That the court arbitrarily disregarded the great preponderance of the evidence in holding plaintiff's disability the result of an accident, instead of a disease.

"Third. That section 27 of chapter 123, Acts 1919, is violative of article 1, section 8, and article 1, section 21, of the Constitution of Tennessee, is so far as it requires all settlements of compensation claims to be approved by the circuit court before they are binding.

"Fourth. That the plaintiff did not give any written notice of the injury."

Petitioner was receiving from defendant a wage of $15 per week for his work, and on the trial he offered evidence which tended to show that on December 10, 1921, while

in the employ of defendant, he and two other employees were engaged in loading stoves into a freight car for the purpose of shipment, and that while lifting one of the stoves being loaded up on some other stoves in the car, and at a time when petitioner and his fellow employees had lifted said stove to a position where it was above petitioner's head, his fellow employees released their hold on the stove, which weighed about two hundred pounds, and let the full weight of same down on petitioner, which caused him to be thrown against the side of the car, whereby he sustained a severe strain or injury to his back and side in the region of his kidneys; that after he received said injury he felt sick and faint, but on going out and getting some fresh air he felt better and continued to work at his employment; that about an hour after he received this strain, on account of the falling of the stove upon him, he was put to work by his employer at rolling a wheelbarrow filled with green concrete along a plank, which was elevated about two feet from the ground for the purpose of dumping the concrete in a form which defendant was using in building an addition to its plant; that while thus rolling said wheelbarrow along said plank it became overbalanced, turned over and threw petitioner off of said plank to the ground, whereby he sustained another strain or injury to his back and side; that this was just about quitting time in the afternoon; that after petitioner's work hours had ceased he started to his home, but experienced great difficulty in getting home, owing to the severe pain which resulted from his injury; that within thirty minutes after he received the last injury he began to pass blood in his urine.  On reaching home pe-

titioner says that he went to bed, where he was confined from his injury for a period of about ten days. Upon becoming able to get out he returned to defendant's plant and reported his injury to defendant's foreman, Mr. Frye. He says that Mr. Frye made out a report of his injury and then sent him to defendant's physician, Dr. Haskins, who treated him for a strained back; that this treatment consisted of bandaging his back. Some seven weeks after the injury petitioner was examined by Dr. De Lay, who made a cystoscopical examination of petitioner and found him suffering from pyelitis, which is described as an inflammation of the kidneys. The evidence showed that, up to the time of the trial in the court below, petitioner was incapacitated from performing his employment with defendant by reason of the trouble which the physicians described as pyelitis.

There is a conflict in the testimony of the medical experts as to the likelihood of an injury, such as petitioner sustained, causing pyelitis. The evidence shows that such disease is usually attributed to the visitation of germs in the kidneys, and is generally diagnosed as a germ disease. While the testimony shows that it is not a disease which may ordinarily be brought about by an injury, or from traumatism, still there is evidence in the record which tends to show that it may result from an injury, and likely did in petitioner's case. This appears from the testimony of Dr. Adkins and Dr. De Lay. Furthermore, the undisputed evidence is that petitioner was a well man prior to receiving the injury hereinbefore referred to. He had never had any trouble with his kidneys; had never passed any blood, or suffered any pain from his kidneys. The evidence, however, shows that within thirty minutes

after receiving the last injury from being thrown off of the plank by the turning over of the wheelbarrow he began to pass blood from his kidneys, and a subsequent examination disclosed that pyelitis had set up, and petitioner was still suffering with his disease at the time of the trial in the court below. We think there was material evidence to show that petitioner's disease or trouble was the result of the injury sustained, and the judgment of the trial court cannot be reversed on the ground that there is no evidence to show that petitioner's disease or trouble was independent of the accident and injury hereinbefore described. Upon a consideration of this question in this court, the most favorable view of the evidence to petitioner's claim must be taken, and, if it be found that there is any material evidence to support the finding of the trial judge, his finding will be treated as conclusive on questions of fact. *Milne* v. *Sanders,* 143 Tenn., 603; 228 S. W., 702.

The mere fact that there may be a preponderance of the evidence against the finding of the trial judge is not sufficient to warrant a reversal. We do not mean to be understood, however, as holding that the evidence preponderates against the finding of the trial court. From the evidence we think it is entirely probable that petitioner's condition resulted from the injury which he received.

Nor do we think that defendant's contention that petitioner's claim to further compensation is barred by the settlement made with the agent of defendant's insurance company on March 11, 1922, is maintainable. This settlement was not approved by the circuit court, as required by section 27 of the workmen's compensation statute. This section provides as follows:

"That the interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on either party, shall be approved by the judge of the circuit court of the county where the claim for compensation under this act is entitled to be made. Upon such settlement being approved, judgment shall be rendered thereon by the court and duly entered by the clerk. The costs of the proceeding, which shall not exceed two ($2) dollars, shall be borne by the employer."

It is conceded by defendant that no application was made to the circuit court to have the settlement approved at any time after it was made. But it is said that this section of the statute is in violation of section 8 of article 1 and section 21 of article 1 of our Constitution, and is therefore invalid and not binding on defendant.

We are of the opinion that defendant is not in a position to attack the validity of this section of the statute. Our compensation statute is elective, and, defendant having elected to operate under it and to accept its terms, he is not in a position to challenge the validity of any of its provisions.

In *H. G. Goelitz Co.* v. *Industrial Board*, 278 Ill., 164, 115 N. E., 855, the court said:

"The fundamental basis of workmen's compensation laws is that there is a large element of public interest in accidents occurring from modern industrial conditions, and that the economic loss caused by such accidents should not necessarily rest upon the public, but that the industry in which an accident occurred shall pay, in the first instance, for the accident. Harper on Workment's Com-

138 Tenn.—43

pensation, section 5. 'That lump sum payments, with prop-
er safeguards, should be permitted, is obvious, b-cause on
the part of the employer it may become necessary for him
to terminate all his obligations to his injured workmen
and others, and on the part of the employee and his de-
pendents circumstances may arise when to deny such a
lump sum settlement would result in great hardship and
distress, or entire loss of the compensation. On the other
hand, the State is concerned in preventing dissipation of
the money paid and an early recourse to that charitable
aid which systematic compensation aims to avoid.' "

In *Wabash R. Co.* v. *Industrial Commission,* 286 Ill.,
194, 121 N. E., 569, it was said:

"Plaintiff in error was operating under the act, and any
settlement or agreement made with an injured employee
must be considered as having been made under the act,
whether so expressly stated or not. It is contrary to the
policy of the act to allow an employer, while choosing to
come under its provisions by not filing an election in writ-
ing to the contrary, to relieve himself from liability under
the act by private agreement or contract with the em-
ployee."

This language applies with equal force here, where the
employer is seeking to limit its liability by settlement in
the nature of a lump sum. This cannot be done without
the approval of the circuit court. There was no attempt to
secure the approval of the circuit court, and such an agree-
ment could not deprive that court of its jurisdiction. In
fact, the compensation receipt, which petitioner signed at
the time defendant made the payment of $97.50, express-
ly provides that the settlement shall be subject to the re-
view and approval of the judge of the circuit court of

Hamilton county. This was a condition on which the settlement was made. Defendant, not having complied with the statute and its agreement, cannot rely on said settlement as a bar to petitioner's right to recover further compensation; he having filed his petition within one year after defendant's default, as required by sub-section 3 of section 31 of the statute.

It is next insisted that petitioner's claim is barred by his failure to give defendant notice of his injury as required by section 22 of the workmen's compensation statute.

We do not think this contention is well taken. Defendant could waive the notice required by the statute, and we think it did so in this case. The evidence shows that about ten days after sustaining the injury petitioner went to defendant's foreman and orally reported the injury to him. The foreman made out a report of the injury, after which petitioner was sent to defendants' physician for treatment, and was treated by defendant's physician for said injury. On March 11, 1922, three months after the injury, defendant paid petitioner the sum of $97.50, for thirteen weeks' compensation, and took a receipt from petitioner acquitting it in full of any further liability for compensation. This, we think, amounted to a waiver on the part of defendant of notice, and it cannot now rely on this defense as a bar to petitioner's claim. 1 Honnold on Workmen's Compensation, p. 760; *Davies* v. *Point of Ayr Collieries,* 2 B. W. C. C. (Eng.), 157; *Turnbull* v. *Vickers,* 7 B. W. C. C. (Eng.), 396; *Ralph* v *Mitchell,* 6 B. W. C. C. (Eng.), 678.

We find no error in the judgment of the circuit court, and it is affirmed, with costs.