OCTA MANGRUM *v.* ÆTNA LIFE INS. CO.*

(*Nashville.* December Term, 1925.)

MASTER AND SERVANT. Compensation agreement for excessive benefit will not be approved (Workmen's Compensation Act [Public Acts 1919, chapter 123, as amended by Public Acts 1923, chapter 841]; Public Acts 1919, chapter 123, section 27).

Agreement under Workmen's Compensation Act, as amended by Public Acts 1923, chapter 84, between insurer and widow of deceased employee to pay her more than statute provides is not binding without approval of court, as required by section 27, and will not be approved over insurer's objection.

Acts cited and construed: Acts 1919, ch. 123; Acts 1923, ch. 84.

Cases cited and approved: Caruthers v. Lake County Mfg. Co., 150 Tenn., 269; Vester Gas Range & Mfg. Co. v. Leonard, 148 Tenn., 665.

*Agreements as to compensation under Workmen's Compensation Act, see note in L. R. A., 1917D, 95.

*Headnote 1. Workmen's Compensation Acts, C. J., Section 106.

FROM MAURY.

Appeal from the Circuit Court of Maury County.— HON. W. B. TURNER, Judge.

PITTS, McCONNICO & HATCHER, for appellant.

KEEBLE & SEAY and A. W. STOCKELL, JR., for appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

John Mangrum was accidentally killed while in the employ of the J. A. Sloan Company. He was survived by his widow, Octa Mangrum. They had no children.

The Sloan Company operated under the Workmen's Compensation Act, and was insured by the defendant company.

The weekly wage paid deceased by the Sloan Company was $15.

Liability was conceded, but a controversy arose as to the amount of compensation the petitioner was entitled to receive under a proper interpretation of the Workmen's Compensation Act of 1919 (Public Acts 1919, chapter 123), as amended by the Act of 1923 (Public Acts 1923, chapter 84).

Petitioner contended that she was entitled to fifty per cent. of the weekly wage of her husband for four hundred weeks, and threatened to sue if her claim were refused.

The defendant insisted that petitioner was only entitled to thirty per cent. of the weekly wage.

The controversy was *bona fide,* and the meaning of the act was debatable.

In this situation the parties entered into a written agreement, subject to the approval of the court, by the terms of which the defendant was to pay petitioner fifty per cent. or $7.50 each week for four hundred weeks, commencing May 20, 1924.

Before the agreement was approved this court in *Caruthers* v. *Lake County Mfg. Co.,* 263 S. W., 793, 150 Tenn., 269, held, under similar facts, that the wife was

only entitled to receive thirty per cent. of the weekly wage.

Thereupon the defendant importuned petitioner to agree to a modification of their agreement in conformity with the above decision, which she declined to do.

The defendant had been paying petitioner $7.50 per week for nearly five months, but declined to pay further.

Thereupon the petitioner instituted this suit for the purpose of having the contract approved and a decree entered in accordance therewith.

The defendant answered the petition and resisted the application for an approval of the contract, upon the ground that it stipulated compensation in excess of that provided by law, and which it was alleged was entered into upon the mistaken idea as to the proper meaning of the act.

The circuit judge entered a decree approving the contract, and awarded petitioner $7.50 for four hundred weeks, less payments previously made.

The defendant appealed to this court, and insists that the decree should have been for only thirty per cent. of the weekly wage.

The controversy turns upon a proper construction and interpretation of section 27, chapter 123, Acts of 1919, which is as follows:

"That the interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on either party, shall be approved by the judge of the circuit court of the county where the claim for compensation under this act is entitled to be made. Upon such settlement being approved, judgment shall be rendered thereon by

the court and duly entered by the clerk. The costs of the proceeding, which shall not exceed two ($2) dollars shall be borne by the employer.''

For the petitioner it is argued that the law favors agreements made by the parties, and that the provision of the act requiring the agreement to be approved by the court was inserted for the purpose of protecting the claimant against imposition and fraud, and that, where no fraud or imposition has been practiced upon the claimant, it is the duty of the trial court to approve the agreement, regardless of whether the amount stipulated is more than that provided in the act.

While that position is plausible, it does not, as a whole, accord with the spirit of the act, which is to award compensation as specifically provided therein; that is, for a certain injury award the sum which the act provides for that injury.

We agree with counsel that one of the objects of section 27 was to protect claimants from fraud and imposition, but a further object was to see that the act was administered according to its terms and conditions, so as to do justice between the parties, under the law, just as in any other case.

It was not contemplated by the act that a sum either greater or less than that provided therein should be, approved and decreed by the court; but, where the act provides a specified sum for a particular injury, that sum only should be awarded claimant.

The Workmen's Compensation Act, as a whole, contemplates a simple and inexpensive plan by which the parties, independent of counsel, can agree upon a settlement conformable to the provisions of the act; and, to

effectuate this object, it is provided that such agreement shall have the approval of the court. Without such approval the agreement is not binding upon either party.

The attitude of the court, in such matters, is well stated by Mr. Snyder in his Treatise on Workmen's Compensation Law, vol. 2, p. 1270, as follows:

"Amicable settlements, between the employer and the employee, of claims arising under the Compensation Act are looked upon with favor both in England and in this country, when such settlements comply strictly with the provisions of the statute and are open and fair to both parties."

Suppose the facts were reversed, and an agreement had been entered into under the terms of which the dependent was to receive thirty per cent., although entitled under the act to fifty per cent., could a court justify the approval of such a contract upon any ground?

If unfair and unjust to approve an agreement for thirty per cent. when the claimant was entitled to fifty per cent., would it not be unfair and unjust to approve an agreement for fifty per cent. when the claimant was only entitled to thirty per cent.?

In *Vester Gas Range & Manufacturing Co.* v. *Leonard*, 257 S. W., 395, 148 Tenn., 665, it was held that an agreement entered into by the parties, but not approved by the court, was not binding and did not bar a claim for additional compensation.

The converse of the proposition is necessarily true, for otherwise the contract would be unilateral and unenforceable for that reason.

Upon the authority of the case just referred to, if petitioner had contracted for thirty per cent. of the weekly

wage, when she was entitled to fifty per cent., she could recover the additional twenty per cent. By a parity of reasoning, where the defendant contracted to pay fifty per cent. when only liable for thirty per cent., the court should relieve it of the excess.

A decree may be drawn in conformity with this opinion.

The costs of the appeal will be paid by petitioner, and the cause will be remanded for further proceedings.