R. E. WILKINSON *v.* JOHNSON CITY SHALE BRICK
CORPORATION.*

(*Knoxville.* September Term, 1927.)

Opinion filed February 4, 1928.

1. WORKMEN'S COMPENSATION. EVIDENCE. FINDING OF
TRIAL COURT. APPEAL.

Where there is some evidence to support both theories, and where it
appears that the trial judge most likely reached the merits of the
case, this Court cannot interfere with his decree. (Post, p. 377.)

2. WORKMEN'S COMPENSATION. COMPROMISE SETTLE-
MENT. APPROVAL OF COURT.

A compromise settlement in a workmen's compensation suit is not
binding until approved by the judge of the circuit court. (Post,
p. 377.)

Citing: Vester Gas Range & Mfg. Co. v. Leonard, 148 Tenn., 672;
Mangrum v. Aetna Life Ins. Co., 153 Tenn., 209; Acts of 1919,
ch. 123, sec. 27.

3. WORKMEN'S COMPENSATION. COMPROMISE SETTLE-
MENT. APPROVAL.

"The judge of the circuit court of the county" referred to in the
Workmen's Compensation Act is the person presiding over the
circuit court in his judicial as distinguished from his individual
capacity, and his act in writing his approval upon a memorandum
of settlement involving workmen's compensation had no judicial
effect since the circuit judge speaks only through his minutes.
(Post, p. 377.)

Citing: Heard v. Elliott, 116 Tenn. (8 Cates), 150; State v. True,
116 Tenn. (8 Cates), 312.

---

*On right and extent of review of findings of commission under
Workmen's Compensation Law, see annotation in L. R. A. 1916A, pp.
178; 266; L. R. A. 1917D, 186; 30 A. L. R. 1277; 28 R. C. L. 827; 3
R. C. L. Supp. 1600; 4 R. C. L. Supp. 1872; 5 R. C. L. Supp. 1581; 6
R. C. L. Supp. 1766.

4. COURTS. LEGISLATURE. ACTION.

The action of the court or legislative body is not complete or effective for any purpose until the record evidencing it has been made and duly authenticated. Such records are the sole witnesses of their proceedings and they can only be proven by duly certified copies. (Post, p. 378.)

Citing: State v. True, 116 Tenn. (8 Cates), 313; Brooks v. Claiborne County, 67 Tenn. (8 Baxter), 46; Fraker v. Brazelton, 80 Tenn. (12 Lea), 280, 281.

5. WORKMEN'S COMPENSATION. SETTLEMENT. APPROVAL.

Section 27 of the Act contemplates a judicial proceeding, and where a claimant is not represented by counsel the circuit judge should require his presence in open court, or should at least require notice to be served on him stating the time and place when the court would act upon their agreement. (Post, p. 379.)

Citing: Acts of 1919, ch. 123, sec. 27.

6. WORKMEN'S COMPENSATION. INSURANCE. PENALTY.

The statute requiring insurance companies to pay a penalty of 25% where they refused to pay within 60 days after demand shall have been made by the holder of an insurance policy on which a loss occurred does not apply in workmen's compensation cases. (Post, p. 379.)

Citing: Shannon's Code, sec. 3369a141.

7. WORKMEN'S COMPENSATION. TRIAL. EXAMINATION BY COURT.

It is not error for the Court to examine the petitioner on the trial of a workmen's compensation case. (Post, p. 379.)

8. WORKMEN'S COMPENSATION. PERMANENT PARTIAL DISABILITY. SCOPE OF THE ACT.

The legislature undertook to provide for and cover every case of permanent partial disability. (Post, p. 380.)

Citing: Acts of 1919, ch. 123, sec. 28.

9. WORKMEN'S COMPENSATION. PERMANENT PARTIAL DISABILITY. SCOPE OF THE ACT.

While sub-section (c) of the Act applies to permanent partial disability, sub-section (e) applies to permanent disability, and they are in no way related or connected. (Post, p. 381.)

## 10. WORKMEN'S COMPENSATION. FACTS. COMPUTATION.

Where the trial court makes no finding in dollars and cents as to the difference between the wages of the petitioner at the time of the injury and what he is able to earn in his partially disabled condition, but does find "that petitioner's earning capacity is reduced fifty percent," this is equivalent to finding that he can now earn one-half of his prior weekly wage. (Post, p. 381.)

---

*Headnotes 1. Workmen's Compensation Acts, C. J., sections 85 (Anno.), 144; 2. Workmen's Compensation Acts, C. J., section 106; 3. Workmen's Compensation Acts, C. J., section 106; 4. Workmen's Compensation Acts, C. J., section 106; 5. Workmen's Compensation Acts, C. J., section 106; 6. Workmen's Compensation Acts, C. J., section 138 (Anno.).

---

### FROM WASHINGTON.

---

Appeal from Law Court of Washington County.— HON. D. A. VINES, Judge.

BARNES and LEWIS and COX & TAYLOR, for plaintiff in error.

MILLER, DEPEW & LEE, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

By his petition filed herein, on February 17, 1927, R. E. Wilkinson sought a decree for compensation for injuries received while in the employ of the defendant.

The trial court, after detailing the facts, said:

"From the above findings the Court is of opinion that the petitioner is permanently and partially disabled; that is he had suffered a 50% impairment or loss of use of both eyes as well as his mind, as a result of said accident and the injuries resulting therefrom and that his disability is permanent and one-half total, and that under subsections (c), (d) and (e) of Section 28 of Chapter

123, of the Acts of 1919 as amended by Chapter 84 of the Acts of 1923, petitioner is entitled to recover of the defendant the sum of $15 per week as compensation for and during 275 weeks from the date of said accident amounting to $4125, said recovery to be credited with the amount already paid petitioner of $180 and payable as hereinafter ordered, and it is accordingly so ordered, adjudged and decreed by the Court."

The injury occurred on March 29, 1926. The defendant had petitioner removed to a hospital and given proper medical attention, and paid him $12 per week for fifteen weeks. About the 14th of July, 1926, defendant advised petitioner that he could return to work, and had him to execute a release, in writing, in which it was recited that the consideration therefor was the $180 paid, medical services, etc. This release and compromise settlement was also executed by the defendant, and it was presented to the circuit judge, who wrote on same under his signature "approved." The petitioner testified that he did not know that he was executing a release; that the instrument was not read over to him, and that he knew nothing about its presentation to the trial judge for approval.

In the settlement the petitioner was not represented by counsel.

Three or four days after returning to work for the defendant petitioner was discharged.

The trial judge found that the instrument referred to was read over to petitioner, but that he did not comprehend or understand same, and that the consideration paid was so inadequate as to fall short of a valid settlement, and that it was shocking to the conscience of the court, and was fraudulent in law.

Both parties appealed to this Court. With respect to the effect and extent of the injury counsel are as far apart as the Poles.

For the petitioner it is insisted that his injury is due alone to the accident of March 29th; that he is totally permanently injured, and should be compensated accordingly.

For the defendant it is said that petitioner's mind is not affected at all, and that any impairment to his mind or his eyes is chargeable to his indulgence in alcoholic beverages.

*(1)* There is some evidence to support both theories; and, without undertaking to detail the evidence, it is sufficient to say that we have carefully considered same, and, in our opinion, the trial judge most likely reached the merits of the case. We find there is some evidence to sustain his findings, and under the rule, in such circumstances, we cannot interfere with his decree.

*(2)* With respect to the compromise settlement, such an agreement is not binding until approved by the judge of the circuit court. *Vester Gas Range & Mfg. Co.* v *Leonard,* 148 Tenn., 672; *Mangrum* v. *Aetna Life Ins. Co.,* 153 Tenn., 209.

Section 27 of the Act is as follows:

*(3)* "That the interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on either party, shall be approved by the judge of the Circuit Court of the county where the claim for compensation under this Act is entitled to be made. Upon such settlement being approved, judgment shall be rendered thereon by the court and duly entered by the clerk. The costs of the proceeding, which shall not exceed two ($2) dollars, shall be borne by the employer."

This provision refers to the person presiding over the circuit court in his judicial as distinguished from his individual capacity. His act in writing his approval upon the instrument involved had no judicial effect since the circuit judge speaks only through his minutes. *Heard* v. *Elliott,* 116 Tenn., 150.; *State* v. *True,* 116 Tenn., 313.

In the last-named case it was said:

*(4)* ''However formal and full those proceedings may have been, not having reached the minutes of the court, they do not constitute any valid action upon its part. Courts of record and legislative bodies—and quarterly courts partake somewhat of the nature of both, and in this particular matter that of Robertson county was acting in its legislative capacity—speak only through their records. The law requires records to be made of their proceedings, and that they be signed. That a judgment or decree was pronounced, or an order made or a motion carried, if it be not spread upon the minutes of the court required to be kept for that purpose, avails nothing, and is as if no such proceeding was ever had. The action of a court or legislative body is not complete or effective for any purpose until the record evidencing it has been made and duly authenticated. The records of courts and legislative bodies are the sole witnesses of their proceedings, and they can only be proven by duly certified copies of such records. Parol evidence cannot be heard for this purpose. These are well established rules, and every principle of public policy imperatively forbids any departure from them. *Brooks* v. *Claiborne County,* 8 Baxt., 46; *Fraker* v. *Brazelton,* 12 Lea, 280, 281.''

So far as the record shows no judgment was even entered upon said compromise agreement, hence there was no legal approval of the settlement by the circuit judge.

*(5)* Section 27 of the Act contemplates a judicial proceeding, and where a claimant is not represented by counsel, the circuit judge should require his presence in open court, in order that he might interrogate him with respect to the settlement before giving his approval thereto, or should, at least, require notice to be served on the employee, stating the time and place when the employer would ask the court to make their agreement the judgment of the court. Were it otherwise this provision of the act would amount to no more than a useless formality.

This case illustrates the advisability of such a procedure. The same judge, who formally gave his approval to the agreement, by which settlement was made for $180, awarded compensation in excess of $4,000 when the claimant was personally interrogated and examined by him.

*(6)* The trial court was correct in declining to charge defendant with the 25% penalty provided by section 3369a141 of Shannon's Annotated Code.

*(7)* The court committed no error in making a personal examination of the petitioner on the trial of the case, especially in view of the fact that it was done by consent.

In view of the conclusions announced hereinabove, it becomes unnecessary to pass upon a number of the errors assigned.

The decree of the trial court will be affirmed, and the case remanded to the circuit court.

Petitioner will pay one-third and defendants two-thirds of the costs of the appeal.

### ON PETITION TO REHEAR.

We are asked most earnestly to review our former decision only with respect to the amount of compensation

awarded the petitioner, a question not dealt with in the opinion.

The trial court awarded petitioner $15 per week for 275 weeks, or $4,125, less a credit of $180, which had been paid. Construing together subsections (c), (d) and (e) of section 28 of the Workmen's Compensation Act of 1919, as amended by the Act of 1923, the trial court found that petitioner, at the time of his injury, was earning $30 per week; that if he had totally and permanently lost the sight of both eyes under said subsections (d) and (e) he would be entitled to recover one-half of what he was earning, or $15 per week for 550 weeks, and that since his vision was only impaired fifty per cent he would be entitled to recover $15 per week for 275 weeks under a provision in subsection (c), relating to injury to a member resulting in less than total loss of use of such member, which will be incorporated in this opinion later.

The trial court found that the disability of petitioner was permanent partial, and that finding is not questioned.

(8) A careful consideration of the Act convinces us that the legislature in subsection (c) undertook to provide for and cover every case of permanent partial disability.

So much of said subsection as is here involved is as follows:

"For the permanent partial disability, the compensation shall be based upon the extent of such disability. In cases included by (in) the following schedule, the compensation shall be that named in the schedule, to-wit:"

The schedule is too long to be incorporated into this opinion, but includes many cases of total loss of some member or members.

Then follows the provision invoked by petitioner, which is in this language:

"In cases of permanent partial disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of injury to the member bears to its total loss."

The preceding schedule covers total loss of certain members, while the stipulation relied upon covers "injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule."

Subsection (c) concludes with this language:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty per centum of the difference between the wage of the workman at the time of the injury and the wage he is able to earn in his partially disabled condition, subject to a maximum of eleven ($11) dollars per week. Compensation shall continue during disability, not, however, beyond three hundred (300) weeks."

The maximum compensation was raised from eleven to fifteen dollars by the Act of 1923.

We wish to emphasize the fact that the proviso just quoted covers "all other cases of permanent partial disability *not above* enumerated." Obviously, therefore, the petitioner's compensation must be computed by this rule.

(9) On the other hand, subsection (c) applies in cases of permanent total disability, and is in this language:

"The total and permanent loss of the sight of both eyes, or the loss of both arms at the shoulder, or com-

plete and permanent paralysis, or total and permanent loss of mental faculties, or any other injury which totally incapacitates the employee from working at an occupation which brings him an income, shall constitute total disability.''

In other words, one deals with permanent partial and the other with permanent total disability, and they are in no way related or connected.

(10) This brings us to the query as to the difference between the wage of petitioner at the time of the injury and the wage he is able to earn in his partially disabled condition?

The trial court made no finding, in dollars and cents, as to this matter, but he did find ''that petitioner's earning capacity is reduced fifty per cent,'' which is equivalent to finding that he can now earn fifteen dollars per week, and we find some evidence to support this finding.

Upon this basis petitioner would be entitled to a decree for $7.50 per week for 285 weeks (300 weeks, less 15 weeks for which payment has been made), or $2137.50. The trial court entered a decree in favor of petitioner for $4125, less $180, or $3945.

The petition to rehear is granted.

Unless petitioner will remit $1807.50 of his decree, reducing it to $2137.50, the decree of the trial court will be reversed and the case remanded for a new trial.

Petitioner will pay one-third and defendants two-thirds of the entire costs of the case.