UNITED STATES FIDELITY & GUARANTY COMPANY, PLAINTIFF
    IN ERROR, *v.* MRS. VAN GOAD MCBRIDE, DEFENDANT IN
    ERROR.

(*Nashville,* December Term, 1932.)

Opinion filed February 11, 1933.

HUME & ARMISTEAD, for plaintiff in error.

CATE & CATE, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Mrs. McBride's husband, killed by accident, is entitled to compensation from McBride's employer and his insurer, the plaintiff in error herein. So much is conceded, and the controversy is only with reference to the amount.

McBride was killed in August, 1931. Compensation at the rate of $10.01 per week for four hundred weeks was agreed on in November, 1931, and that amount was paid for eighteen weeks. Then the plaintiff in error, upon the advice of the State Department of Labor, took the position that $8.62 per week was the proper amount, and declined to make further payments except at that rate. The settlement had not been submitted to the Circuit Court for approval.

Petitioner, Mrs. McBride, filed this suit to secure the

approval of the court of the settlement referred to and for general relief.

The compensation statute fixes the measure of petitioner's compensation at 30 per cent of her husband's average weekly wage. At the date of the accident he had been working five weeks at an average weekly wage of $28.74, 30 per cent of which is $8.62, the amount the plaintiff in error is willing to pay.

During a previous employment beginning August 12, 1930, a year before the date of the accident, McBride had worked six weeks for the same employer at an average weekly wage of $37.80.

If both periods of employment are to be considered, the average weekly wage of the employe for eleven weeks was $35.33, 30 per cent of which is $10.60.

The employe was a carpenter. During his first employment he was paid at the rate of ninety cents an hour, which was at that time the scale of wages paid by the employer to all his employes. During the second period the scale of wages paid this employe and others was sixty cents an hour for forty-four hours per week.

The judgment of the Circuit Court recites:

"That the employment of the said W. J. McBride was of such short duration that it is impracticable to figure the compensation otherwise than by having regard to the average wages received by a person of the same grade, employed at the same work by the same employer. However, the Court is of the opinion that results just and fair to both parties would be reached by approving the settlement heretofore made by the parties, upon the basis of $10.01 and the Court orders, adjudges and decrees that said settlement agreement be, and the same is hereby fully approved and made the order of this Court."

On the basis of the agreement thus approved, the Circuit Court rendered judgment that petitioner be paid. compensation at the rate of $10.01 per week for three hundred and eighty-two weeks. The insurer has appealed in error.

It was error for the Circuit Court to base its judgment on the settlement of November, 1931, which had been repudiated by the insurer before it was submitted to the court for approval. Such settlement was not binding on either party until approved by the court. This is expressly provided in section 27 of the Compensation Act (Acts 1919, chapter 123), carried into the Code at section 6877, as interpreted and construed in *Mangrum* v. *Aetna Life Ins. Co.*, 153 Tenn., 209 280 S. W., 1011.

The petitioner has not appealed from the finding of the Circuit Court that, because of the short duration of the employment of McBride, "it is impracticable to figure the compensation otherwise than by having regard to the average wages received by a person of the same grade, employed at the same work by the same employer." This is a finding of fact, binding on this court. *Mullins* v. *Stave Lbr. Co.*, 155 Tenn., 132, 290 S. W., 975.

According to the stipulation of facts upon which the case was heard in the Circuit Court, the average wage paid by the employer to employes of the same grade and doing the same work as McBride, was sixty cents an hour for forty-four hours per week, or $26.40, 30 per cent of which is $7.92. This sum is the amount shown by the evidence as the amount of the weekly payments to which petitioner is entitled, on the basis approved by the Circuit Court.

Plaintiff in error concedes liability for $8.62 per week,

both in its answer and on the brief filed in this court. The evidence does not warrant the allowance of a larger amount. The judgment of the Circuit Court will therefore be modified so as to reduce the weekly payments from $10.01 to $8.62, and otherwise affirmed.