MCCRACKEN *v.* RHYNE.

(*Knoxville*, September Term, 1953.)

Opinion filed December 11, 1953.

Petition to Rehear denied February 11, 1954.

CRAWFORD & HURD, of Newport, for appellant.

JENNINGS, O'NEIL & JARVIS, of Knoxville, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is a workmen's compensation case in which the sole question involved is the effect to be given the expression "wage of the workman at the time of the injury" appearing in the last paragraph of section 6878(c) of the Code Supplement. The language of this paragraph is:

"In all other cases of permanent partial disability not above enumerated the compensation shall be sixty per centum of the difference between the wage of the workman *at the time of the injury* and the wage he is able to earn in his partially disabled condition subject to a maximum of twenty-five dollars per week. Compensation shall continue during disability, not, however, beyond three hundred weeks." (Italics supplied.)

The facts out of which the question arises are that employee, McCracken, appellant here, received a back injury for which he is entitled to compensation under the above-quoted code provision from Rhyne Lumber Company, employer and appellee here, because the injury resulted in a permanent partial disability. It is an injury "not above enumerated", meaning that it is an injury not listed among those specified in the schedule, and resulting in permanent partial disability.

For the fifty-two week period immediately preceding this injury McCracken was regularly and continuously in the employ of this appellee, and his average weekly wage for the fifty-two week period was $32.22. At the time of this injury and for seven weeks immediately preceding, with the intervening exception of one, the average weekly wage of McCracken was $42.80 per week, due to the fact that he worked forty-nine hours in each of these weeks. The amount he is now able to earn in his permanent partially disabled condition is $25 per week.

In computing the amount per week to which McCracken is entitled under the above-quoted provision of the Workmen's Compensation Act shall the amount which he is able to earn in his partially disabled condition ($25) be deducted from the weekly wage which he was receiving "at the time of the injury" ($42.80), as contended by the appellant, employee, or shall this $25 be deducted from his everage weekly wage for the fifty-two week period immediately preceding the time of the injury ($32.22), as contended by the appellee, employer, and as held by the Chancellor.

The Chancellor recognized merit in the contention of employee, McCracken, because the language of the code section involved is "wage of the workman at the time of the injury". He called attention, however, to the suggestion of this Court in *Crane Enamel Co.* v. *Jamison,* 188 Tenn. 211, 217 S. W. (2d) 945. There it was assumed, without the question being made, that the expression "at the time of the injury" meant "average weekly wages" as defined by Code Section 6852(c). The Chancellor noted, however, that this question was not there involved, and that the question here involved is, in his opinion, one of first impression in this jurisdiction.

There are a number of decisions in our published reports wherein this Court assumed that the expression "at the time of the injury" as used in the last paragraph of section 6878(c) of the Code means "average weekly wages" as defined by Code Section 6852(c). There are likewise a number of such decisions wherein this Court assumed that this expression "at the time of the injury" meant what it said. In no one of these cases, however, was the question actually involved, unless it be that of *Wilkinson* v. *Johnson City Shale Brick Corporation,* 156

Tenn. 373, 381-382, 299 S. W. 1056, 2 S. W. (2d) 89. In that case the Court called attention to the fact that this last paragraph of Code Section 6878(c) deals with unenumerated cases of permanent partial disability as distinguished from enumerated cases of permanent partial disability. Then the Court said "obviously, therefore, the petitioner's compensation must be computed by this rule", meaning the rule provided by Code Section 6878-(c), last paragraph. Then the Court said that "this brings us to the query as to the difference between the wage of petitioner *at the time of the injury* and the wage he is able to earn in his partially disabled condition." (Emphasis supplied.)

The Chancellor expressed the thought that confusion and inequity would result many times if the expression "at the time of his injury" be given its natural construction. In regard to that point in the New Jersey case of *Huyett* v. *Pennsylvania R. Co.*, 86 N. J. L. 683, 92 A. 58, the Court said this:

"The only other point suggested is that the trial judge allowed compensation based on the wages which the decedent was receiving at the time of the accident. These wages were somewhat greater than he had previously been receiving. Section 2, par. 11, subds 'a' and 'b,' expressly provides that the compensation for temporary disability and for disability total in character and permanent in quality shall be 50 per centum of the wages received at the time of injury. Subdivision 'c' bases the compensation on daily wages, while paragraph 12 speaks only of wages of deceased. But we think this must mean wages at the time of injury. This may, indeed, result in injustice to the employer when the employe is paid

by the piece and his earnings are unusually high at the time of injury, and an injustice to the employe when his earnings are unusually low. That, however, is a defect that the legislature may correct.''

Apropos to the final sentence in the above quotation, the last paragraph of Section 6878(c) was re-written by Chapter 111, Public Acts of 1953. That was after the rights and liabilities of the parties had accrued in the case at bar.

Code Section 6878 provides the formula by which is to be determined the compensation to which an employee under the Workmen's Compensation Act is entitled for injuries compensable under that section of the act. This formula in every case specifies the number of weeks for which compensation is to be paid. In some cases the amount to be paid per week is to be determined by the ''average weekly wages'' of the employee. In other cases the statute provides that it shall be determined by the wages he was earning ''at the time of the injury''. The effect of the Chancellor's decree is to substitute the expression ''average weekly wage'' for the expression ''wage of the workman at the time of the injury'' at all places where the latter expression appears in this code section.

As a general proposition, the natural conclusion would be that the Court is without authority to substitute in the statute the expression ''average weekly wages'' for the expression ''wage of the workman at the time of the injury''. Ordinarily such action upon the part of the Court would seem to be an usurpation of a prerogative of the legislature. On the other hand, if there is anything upon the face of the statute which gives a reasonable explanation for use by the legislature of the different ex-

pressions in the different situations it is the duty of the Court to adhere to the wording of the statute in each of the situations.

In those cases in which the statute directed that the "average weekly wage" formula be applied the injuries contemplated had no relation, as a general proposition, to the effect of such injuries on the earning capacity of the employee. It is fairly commonly known that often the loss of, say, an arm, for instance, does not decrease the earning capacity of the individual. So in these cases it was the intention of the legislature, and this Court has many times so held, that the compensation provided for injuries enumerated in the schedule should be paid without regard to the effect of such injuries upon the earning capacity of the person injured. As to such injuries, therefore, there was no reason, particularly, to apply the "wage of the workman at the time of the injury" formula rather than the "average weekly wage" formula, since the compensation fixed was, at best, an arbitrary amount.

The same reasoning applies as to compensation for "permanent partial disability" specified in the first paragraph of Section 6878(c). There the "average weekly wage" formula is applied. But the injuries to which the section has reference are those enumerated in the schedule for which compensation is to be paid without regard to the effect of the injury upon earning capacity.

This is not the case as to the injuries referred to in the last paragraph of Code Section 6878(c). Although the injuries there contemplated are those which result in permanent partial disability, they are not enumerated injuries for which a specific compensation is provided without regard to the effect of the injury upon the earning capacity of the employee. That being the case, a logical

measure of damages is one based upon the difference between the amount the employee is able to earn in his partially disabled condition and the amount he was able to earn immediately preceding the injury. The normal manner in which to express this logical formula is to say that it shall be based on the difference ''between the wage of the workman at the time of the injury'' and the amount he is thereafter able to earn. This might well be substantially different from the average weekly wage defined by Code Section 6852(c). Hence, a reason is apparent for the use of that particular expression.

Further evidence that the legislature intentionally used the expression in question in the last paragraph of 6878 (c) providing compensation for unspecified injuries resulting in permanent partial disability is reflected in the provision of Code Section 6878(b) providing that in cases of *temporary partial disability* the compensation shall be based upon ''the difference between the wage of the workman, at the time of the injury and the wage he is able to earn in his partially disabled condition.'' That is the formula used in last paragraph of 6878(c) dealing with unenumerated *permanent partial disabilities*.

From that above noted, there is intrinsic evidence that the legislature intended to say exactly what it did say in the last paragraph of Code Section 6878(c) in providing that in those cases the compensation shall be based upon ''the difference between the wage of the workman, at the time of the injury'' rather than upon his ''average weekly wages.''

On the other hand, there is no reason to conclude that the legislature did not intend to use the expression it actually used several times except the thought that such language, if given effect, may lead to confusion and in-

equity in given instances in the administration of the law. This may or may not be true. It is not authority, however, to the Court to substitute words of its own, and having a different meaning, in lieu of the words which it appears the legislature intended to use.

It has hereinabove been noted that in cases of permanent total disability the legislature provided that the measure of compensation should be computed upon the basis of *"wages received at the time of the injury"*. Section 6878(d). Further down in this section the act reads that "if his *average weekly wages* are less than ten ($10.00) dollars per week he shall receive the full amount of his *average weekly wages, * * *."* (Emphasis supplied.) In view of those two inconsistent expressions this Court is not entirely satisfied with the conclusion hereinabove announced. Nevertheless, it is of the opinion that this obvious inconsistency appearing in Code Section 6878(d) is not sufficient to justify this Court in taking from the statute the expression "wage of the workman at the time of the injury" so often used by the legislature in situations different from those in which this same legislature used the expression "average weekly wage". As a matter of fact, this inconsistency did not appear in Section 6878(d) as originally enacted. Compare this section in Code with same section in Supplement.

The decree of the Chancellor will be modified so as to hold that McCracken is entitled to a decree awarding compensation under the last paragraph of 6878(c) based upon a wage of $42.80 per week, the wage he was earning at the time of the injury. The cause will be remanded for the entry of a decree to that effect, and for further appropriate proceedings. The costs of the appeal will be adjudged against appellee.