Elif GROSS, Appellant,

v.

NATIONAL HEALTH ENTERPRISES,
INC., and Underwriters Auditing
Company, Appellees.

Supreme Court of Tennessee.

June 11, 1979.

Joseph B. Yancey, Knoxville, for appellant.

Jerry A. Farmer, Poore, Cox, Baker, Ray & Byrne, Knoxville, for appellees.

## OPINION

COOPER, Justice.

This is an action to enforce an agreement comprising a claim for benefits allegedly due appellant, Elif Gross, under the Work-men's Compensation Act. The chancellor concluded the agreement was not binding on either party since it had not been approved by a court of competent jurisdiction, and dismissed the action. This appeal resulted.

Elif Gross sustained a back injury in an on-the-job accident which occurred on March 31, 1973. She was paid temporary total disability benefits from the date of her accident until she returned to work in late October, 1973. An action to recover further workmen's compensation benefits was filed by appellant on March 3, 1974. This action was dismissed on March 10, 1975, "for lack of prosecution." [1]

In April, 1976, counsel for appellant reopened negotiations toward settlement of the workmen's compensation action. On April 27, 1976, the appellee, National Health Enterprises through the appellee Underwriters Adjusting Company, offered to pay appellant $3,690.40 in addition to benefits previously paid by the appellees in settlement of the claim. Counsel for appellant accepted the settlement offer by letter dated May 29, 1976. Counsel also indicated that "Mrs. Gross will execute a Settlement Agreement . . . regarding and consumating [sic] this Workman's Compensation claim, with the further agreement that it will be binding without court approval." Thereafter, on June 17, 1976, appellee's attorney sent appellant's attorney a proposed order of settlement, which was to be approved by counsel and be submitted to the Circuit Judge of Knox County for approval. The proposed order, which was filed as an exhibit in this action, was never approved by appellant's attorney and was never submitted to the circuit judge.

On July 19, 1976, counsel for appellee repudiated the settlement offer. In explanation, counsel stated that since making the offer of compromise, he had learned of the dismissal of the workmen's compensation action and also had learned that Mrs. Gross

---

1. While the workmen's compensation action was pending, appellant successfully prosecuted a tort action against appellee for an injury to her back sustained in a fall on appellee's premises on January 11, 1974. At the time of her injury, appellant was employed as a private duty nurse by a patient in appellee's nursing home.

had testified in an earlier court action that she had no residual disability from the injury sustained by her on March 31, 1973. The present action to enforce the settlement agreement then was brought by appellant.

Appellant insists that once an agreement is made in settlement of a compensation case, a party cannot repudiate the agreement but is bound to submit the agreement to a court of competent jurisdiction for approval. In short, once a settlement agreement is made in a workmen's compensation case, the parties are bound to comply with the terms of the agreement unless and until a court of competent jurisdiction concludes that the terms of the agreement are not in accord with the provisions of the Workmen's Compensation Act. There is much to commend this position but it is not in accord with the express limitations placed on the efficacy of a settlement in a workmen's compensation case by T.C.A. § 50–1006, nor with the construction placed on that statute by this court.

T.C.A. § 50–1006 gives interested parties "the right to settle all matters of compensation between themselves," but expressly provides that "all settlements, before the same are binding on either party, shall be reduced to writing and shall be approved by the judge of the circuit court or of the chancery court or criminal court of the county where the claim for compensation is entitled to be made."

In *Moore v. Hines,* 170 Tenn. 456, 95 S.W.2d 928, the employee (Hines) and the employer's insurance carrier entered into an agreement on September 24, 1930, settling a workmen's compensation claim under which the employee was to receive fifty percent of his average weekly wages "until terminated in accordance with the provisions of [the Workmen's Compensation] Act." The parties did not submit the agreement to a court of competent jurisdiction for approval; however, the insurance carrier made payments under the agreement until December 28, 1932, when the insurance carrier became insolvent. Hines, brought suit against his employer to recover the balance due under the agreement.

In refusing to enforce the agreement, this court had the following to say:

> The settlement before us was not submitted nor approved by the court. It was accordingly not binding on the insurer, the employer, nor the employee. *United States Fidelity & Guaranty Co. v. McBride,* 165 Tenn. 580, 56 S.W.(2d) 736; *Wilkinson v. Johnson City Shale Brick Corp.,* 156 Tenn. 373, 299 S.W. 1056, 2 S.W.(2d) 89; *Mangrum v. Aetna Life Ins. Co.,* 153 Tenn. 209, 280 S.W. 1011; *Vester Gas Range & Mfg. Co. v. Leonard,* 148 Tenn. 665, 257 S.W. 395.

> Under these decisions, the settlement being unapproved, the matters in controversy between petitioner and his employer remained open to litigation, including the question of the employer's liability and the amount of that liability, if any was ascertained.

The settlement sought to be enforced in this action was not approved by a judge of competent jurisdiction; consequently, under the plain wording of T.C.A. § 50–1006 and the case authority cited above, the settlement agreement in this case was not binding on the employer, the insurer, nor the employee for any purpose.

Decree affirmed. Costs of the appeal are adjudged against the appellant, Elif Gross, and her surety.

FONES, BROCK and HARBISON, JJ., and FRANKS, Special Judge.