**Dempsey Wayne HALE, Plaintiff–Appellee,**

v.

**CNA INSURANCE COMPANIES and Commercial Painting, Inc., Defendants–Appellants,**

**and**

**Sue Ann Head, Director of The Division of Workers' Compensation, Tennessee Department of Labor, Defendant–Appellee.**

Supreme Court of Tennessee, at Nashville.

Nov. 13, 1990.

**660**

David J. Deming, Manier, Herod, Holla-baugh & Smith, Nashville, for defendants-appellants.

Charles W. Burson, Atty. Gen. and Reporter, Dianne Stamey Dycus, Asst. Atty. Gen., Nashville, for defendant-appellee.

Joseph M. Dalton, Jr., Bednarz, Dalton & Eason, Nashville, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

The sole issue in this workers' compensation appeal is whether the trial court erred in interpreting T.C.A. § 50–6–208(b) in such a manner as to require workers' compensation settlements to be judicially approved pursuant to T.C.A. § 50–6–206 before such an award may be considered in determining the respective liabilities of an employer and the Second Injury Fund under T.C.A. § 50–6–208(b). For the reasons set forth below, we find no error and affirm the disposition made by the Chancellor.

The facts in this case are straightforward and essentially undisputed. The employee, Dempsey Wayne Hale, Plaintiff–Appellee, injured his back in 1972 while employed by his mother-in-law. This injury resulted in surgery to his back and a settlement was reached based upon an impairment rating of 10 percent. Mr. Hale was not represented by counsel and the settlement was not judicially approved as contemplated by T.C.A. § 50–6–206.

In 1982, Mr. Hale was injured a second time while in the course and scope of his employment. The Chancery Court for Davidson County approved a settlement wherein Mr. Hale received workers' compensation benefits based upon 40 percent permanent partial disability to the body as a whole. He was injured a third time in 1987, resulting in a court approved award of 7 percent permanent partial disability to the body as a whole.

In April 1988, Mr. Hale fell from a scaffold while employed by the Defendant in this case. He underwent surgery for a decompressed spine and also sustained injury to his hip, left knee, and bladder. Mr. Hale testified that he takes medication for the resulting bladder problems, has difficulty coping with his disability, and has trouble walking and driving.

The trial court determined that Mr. Hale was 100 percent disabled and we concur with this finding. The Second Injury Fund was held responsible for 47 percent of the award and the employer and its insurer the remaining 53 percent. The employer and its insurer have appealed, contending that the trial court erred by not reducing their liability by the 10 percent stemming from the 1972 settlement pursuant to T.C.A. § 50–6–208(b). According to the employer, the Second Injury Fund should pay 57 percent and it held liable for the remaining 43 percent of the award. The basis for the employer's assertion is that all workers' compensation awards and settlements, court approved or otherwise, should be considered for purposes of apportionment under subsection (b). We respectfully disagree.

The controlling statute, T.C.A. § 50–6–208, provides in pertinent part:

(a) If an employee has previously sustained a permanent physical disability from any cause or origin and becomes permanently and totally disabled through a subsequent injury, he shall be entitled to compensation from his employer or the employer's insurance company only for the disability that would have resulted from the subsequent injury, and such previous injury shall not be considered in estimating the compensation to which the employee may be entitled under this chapter from the employer or the employer's insurance company; provided, however, that in addition to such compen-

sation for a subsequent injury, and after completion of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for the permanent total disability out of a special fund to be known as the "second injury fund" therein created. To receive benefits from the second injury fund, the injured employee must be the employee of an employer who has properly insured his workers' compensation liability or has qualified to operate under the Tennessee Workers' Compensation Law as a self-insurer, and the employer must establish that the employer had actual knowledge of the permanent and preexisting disability at the time that the employee was hired or at the time that the employee was retained in employment after the employer acquired such knowledge but in all cases prior to the subsequent injury. In determining the percentage of disability for which the second injury fund shall be liable, no previous physical impairment shall be considered unless such impairment was within the knowledge of the employer as prescribed above. Nothing in this section shall be construed to limit the employer's liability as provided by law for aggravation of preexisting conditions or disabilities in cases where recovery against the second injury fund is not applicable.

(b)(1) In cases where the injured employee has received or will receive a *workers' compensation award or awards* for permanent disability to the body as a whole, and the combination of such awards equals or exceeds one hundred percent (100%) permanent disability to the body as a whole, the employee shall not be entitled to receive from the employer or its insurance carrier any compensation for permanent disability to the body as a whole that would be in excess of one hundred percent (100%) permanent disability to the body as a whole, after combining awards. Benefits which may be due the employee for per-

manent disability to the body as a whole in excess of one hundred percent (100%) permanent disability to the body as a whole, after combining awards, shall be paid by the second injury fund. It is the intention of the legislature that once an employee receives an award or awards for permanent disability to the body as a whole, and such awards total one hundred percent (100%) permanent disability, any permanent disability compensation due for subsequent compensable injuries to the body as a whole shall be paid by the second injury fund, instead of by the employer. (Emphasis added).

In *Burris v. Cross Mountain Coal Co.,* 798 S.W.2d 746 (Tenn.1990), this Court held that where there has been a previous award of workers' compensation for permanent disability to the body as a whole and the combined awards equal or exceed 100 percent, subsection (b) is to be applied. In discussing the differences between subsection (a) and subsection (b), we noted that a prior *judicial* determination regarding the extent of permanent impairment to the body as a whole in the form of a court approved settlement was central to the application of subsection (b). Concerns for judicial economy and finality of settlements in the context of workers' compensation litigation, led us to reject the employer's contention that a trial court in a subsequent proceeding is not bound by a prior judicial determination regarding the extent of disability stemming from a prior injury for purposes of apportionment under subsection (b). Also of concern was the ability of an employer to settle a case for some specific amount when it is convenient to do so, seek the court's approval of that settlement as being fair to the employee, and then later argue that the prior disability was really greater than that settled for simply in an effort to reduce its own liability under the Second Injury Fund Statute. For these reasons, we held that a prior award that has been judicially approved could not be relitigated in subsequent proceedings.[1]

---

1. This Court has recognized that under the plain language of T.C.A. § 50–6–206, a settlement not approved by a court is not binding on the employer, insuror, or employee for any purpose.

In view of our holding in *Burris*, we equate the language "workers' compensation awards" contained in subsection (b) with workers' compensation settlements that have been judicially approved as provided for in T.C.A. § 50–6–206. Unapproved awards are to be considered under subsection (a), assuming all the requirements of that subsection are met. The reason is that the language of subsection (a), "disability from any cause or origin," contemplates having to litigate and determine the percentage of disability attributable to prior injuries in subsequent proceedings. This is not the case with subsection (b) as we held in *Burris*. We are persuaded that subsection (a) is better suited for situations such as the one presented here involving unapproved awards where the employee may or may not have been represented by counsel and may or may not know if the "award" fairly reflects the seriousness of his injuries. Subjecting unapproved awards to a subsection (a) analysis will provide a court with an opportunity to pass on this question.[2] Thus, we hold that prior awards must be court approved before such awards may be considered in determining the respective liability of the employer and the Second Injury Fund under subsection (b).

In view of the foregoing, the judgment of the Chancellor is affirmed and the case remanded for the calculation of interest due pursuant to T.C.A. § 50–6–225(h) (Supp.1990). Costs of this appeal are taxed to the Defendants–Appellants.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.

---

*Gross v. National Health Enterprises, Inc.*, 582 S.W.2d 379 (Tenn.1979). Thus, if a settlement is unapproved, matters in controversy between the employee and his employer remain open to litigation, including the question and extent of the employer's liability. This is precisely the situation that we sought to avoid in *Burris*.

**2.** In the present case subsection (a) was not pursued because the record fails to reflect "knowledge" on the part of the employer of the 1972 injury.