MILO COLLINS *v.* MRS. LINDLEY MURRAY.

(*Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

J. Tyree Fain and Bell & Hibbitts, for plaintiff in error.

Hume & Armistead, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit arising out of the workmen's compensation statute in which there was a judgment for the plaintiff below and defendant appealed in error.

Prior to September 13, 1927, Lindley Murray was in the employ of defendant Milo Collins, the parties operating under the workmen's compensation statute, and Murray was killed on the date mentioned by an accident arising out of and in the course of his employment. Due notice of the employee's death appears to have been given by his widow, the petitioner herein. The matter was referred by the employer to his insurer, The Federal Surety Company of Iowa.

Under the statute, the dependents of the deceased employee, consisting of a widow and minor children, were entitled to compensation, based on the deceased's earnings, of $15.40 a week for a period of 400 weeks. The insurer recognized the claim as a proper one and proceeded to make payments to petitioner at the rate of $15.40 a week for a period of 208 weeks up to September 14, 1931. At that time the insurer, The Federal Surety Company of Iowa, passed into the hands of a receiver and payments to petitioner ceased.

This petition was filed on October 27, 1931, against the employer, the defendant herein, seeking to recover the sum of six weekly payments, past due and unpaid, and a further award against the employer requiring him to pay to petitioner $15.40 a week for the remaining 186 weeks of the 400 weeks. As above stated, petitioner was granted the relief prayed.

The defendant insists having insured his liability under the statute as required by section 41 and subsequent sections thereof (chapter 123, Acts of 1919), he was relieved of further liability to his employees, or that, at any rate, the course of conduct of petitioner, dealing as noted with the insurer, and receiving the weekly payments from the insurer without any court

award against defendant, or without defendant's agreement thereto, constituted an election by petitioner and relieved defendant from any and all liability.

We are unable to agree to this. Section 41 requires every employer either to "insure and keep insured his liability hereunder" or to furnish to the insurance commissioner satisfactory proof of his financial ability to pay all claims that may arise against him under the Act. Section 44 provides that notice of the accident on the part of the insured shall be deemed notice to the insurer, that jurisdiction of the insured for purposes of the Act shall be jurisdiction of the insurer, and that the insurer shall in all things be bound by and subject to the awards and judgments against the insured, whether the insurer is a formal party to the proceedings or not. Section 45 provides that the liability policies issued by the insurer under the statute shall be construed as a direct promise by the insurer to the person entitled to compensation under the Act and may be enforced directly against the insurer by such person. Sections 32 *et seq.* provide, in case of failure to agree upon compensation under the Act, for proceedings and judgment against the employer.

Insofar as the employee is concerned, we think, by reason of the provisions of the statute above noted, the employer and his insurer are both principals. They are jointly and severally liable to the employee. The employee may proceed against both or against either. Failing to recover full compensation from one, he may proceed against the other for the balance due him. This is in accord with *United States Fidelity & Guaranty Co.* v. *Booth,* 164 Tenn., 41, 45 S. W. (2d), 1075, wherein it was said that the insurer was not a guarantor of the employer's obligation but was primarily liable to the

employee; that payment by the insurer was an indemnity to the employer, for which the insurer was entitled to no reimbursement.

Such being our view of the relation of the parties, no case for an election, as between employer and insurer, was presented to the petitioner.

The defendant further relies on the one-year limitation of time upon actions or proceedings under the statute prescribed in section 31 (2) thereof. As heretofore stated, the deceased employee was killed on September 13, 1927, and the present suit instituted on October 27, 1931.

Section 2 (a) of the Compensation Act, defining terms used therein, says that *EMPLOYER,* unless the context otherwise requires, shall include his insurer, if the employer is insured, unless otherwise provided. That is to say the insurer acts for and in behalf of the employer and the employer is bound by the acts of the insurer. *United States Fidelity & Guaranty Co.* v. *Booth, supra.*

Respecting the time in which various acts are required to be performed under the statute, section 31 (3) is as follows:

"Proceedings to obtain judgment in case of default of employer for thirty (30) days to pay any compensation due under any settlement or determination, one (1) year after such default."

This does not refer only to settlements or determinations approved by the court as appears from *Vester Gas Range & Mfg. Co.* v. *Leonard,* 148 Tenn., 665, but applies likewise to settlements and determinations made without submission to the court.

Accordingly the one-year limitation prescribed by section 31 (2) was arrested pending the payments by the

insurer to these dependents and the dependents had one year after default in these payments to bring this suit.

Moreover, regardless of section 31 (3), upon well settled principles, the conduct of the insurer herein, binding on the employer, amounted to a new promise which would take the case out of section 31(2). *Broddie* v. *Johnson,* 33 Tenn. (1 Sneed), 464; *Fuqua* v. *Dinwiddie,* 74 Tenn. (6 Lea), 648; *Jordan* v. *Jordan,* 85 Tenn., 561, and authorities cited.

For the reasons stated, the judgment below is affirmed.