GAINES *v.* DU PONT RAYON CO., INC.

*(Nashville,* December Term, 1934.)

Opinion filed February 23, 1935.

362

W. A. Guild, of Nashville, for plaintiff in error.

Cornelius, McKinney & Gilbert, of Nashville, and Abel Klaw, of Philadelphia, Pa., for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

The petitioner sued under the Workmen's Compensation Act (Code 1932, section 6851 et seq.). The defendant's defense of final settlement and the statute of limitations was sustained by the trial judge. The petitioner appealed and insists: (1) That the statute of limitations does not apply because settlements made with him were not full and final settlements and were not approved by any court. (2) That defendant's recognition of liability for the original and for the recurring disability amounted to a new promise which took the case out of the statute of limitations. (3) That defendant is estopped from invoking the statute of limitations.

The petitioner was injured September 12, 1930, by a fall that resulted in, or developed, a hernia. After first-aid treatment he was sent by the company's physician to Dr. Eve, who operated for hernia. According to Drs. Eve, Burch, and Daniel, the operation cured the hernia and petitioner returned to his employment, first at light work, then to his usual duties. He was disabled eight

weeks. For that period the company paid him compensation of $10 a week and in addition paid his hospital and medical bills.

On the first occasion, petitioner returned to work November 5, 1930, and continued at work until May 30, 1932, when there was a recurrence of the hernia, unattended by any accident. For some time before the recurrence petitioner had complained and was insisting that the operation did not cure him. Upon examination Dr. Daniel sent him to Dr. Burch, who again operated for hernia. Petitioner was under treatment on that occasion for eight weeks. During that time the company paid him $10 a week and in addition paid his hospital and medical bills.

After the second operation and petitioner's release from the hospital, the company refused to renew the employment. He then demanded workmen's compensation benefits, which the company refused, and this petition was filed April 11, 1933.

██ ██ As held by the trial judge, petitioner's action to recover for the injury by accident September 12, 1930, is barred by the one-year statute of limitations prescribed by sections 6874, 6884(1) of the Code. There are no facts upon which to rest petitioner's theory that the company is estopped from making this defense. The transactions between the parties were carried on openly, fairly, and with knowledge by both of what they were doing. The defendant's recognition of petitioner's injury or illness and its payment of medical bills and compensation for eight weeks of disability was not the recognition of any liability beyond that assumed and paid at the time of the assumption; and was not a new promise upon which petitioner could rest an action to recover upon the accident of September 12, 1930. The petition-

er's action cannot be saved from the bar of the statute, sections 6874, 6884(1), upon the theory that the claim he now makes was recognized by the company as in *Collins* v. *Murray*, 164 Tenn., 580, 51 S. W. (2d), 834, because this is not an action to recover compensation due under a settlement and upon which there was a default.

The two settlements with petitioner were for compensation covering only eight weeks on each occurrence, and the compensation which the company agreed to pay was fully paid both times. If they were settlements under the Compensation Act, section 6891 of the Code forbids recovery. It reads:

"All settlements of compensation by agreement of the parties and all awards of compensation made by the court, where the amount paid or to be paid in settlement or by award does not exceed the compensation for six months' disability, shall be final and not subject to readjustment."

If, as petitioner insists, they were not settlements under the act because not approved by any court, then the amounts so paid were gratuitous and the cause of action which arose September 12, 1930, would not be saved from the bar of the statute of limitations. Affirmed.