## Moore *v.* Hines.

### (*Jackson,* April Term, 1936.)

Opinion filed July 3, 1936.

STOKES & STOKES, of Nashville, for plaintiff in error.

JEFF McCARN and CARMACK COCHRAN, both of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a workmen's compensation case in which there was a judgment for the petitioner, and the defendant has appealed in error.

Petitioner Hines was injured August 26, 1930, working as a carpenter, remodeling a house in Nashville. He had been in the employ of defendant Moore previous to the accident. Moore denies that Hines was in his (Moore's) employ on this particular job. Whatever the fact as to this, defendant Moore, a general contractor, reported the accident to his insurance carrier.

The insurer's agent or adjuster investigated the accident and reported same in Moore's name to the State Department of Labor, Division of Workmen's Compensation. On September 24, 1930, a settlement was entered into between Hines and the insurance company, as follows:

"Memorandum of Agreement to Pay Compensation under 'Workmen's Compensation Act' of Tennessee

458

"In Re: George Moore, Employer
"A. G. Hines, Employee.

"This Agreement, made and entered into this 24th day of September, 1930, by and between A. G. Hines and Union Indemnity Company that in settlement of compensation for injury sustained by A. G. Hines on or about the 26th day of August, 1930, while in the service of George Moore by an accident arising out of and in the course of said employment,

"The said A. G. Hines shall receive compensation at the rate of $9.58 per week, the same being 50 per cent of his average weekly wages as computed according to terms of the 'Workmen's Compensation Act of Tennessee,' and that said compensation shall be payable from 3rd day of September, 1930, until terminated in accordance with the provisions of said Act, as for a total of ———— weeks.

"It is herewith stated as an essential part of this Memorandum of Agreement, that its terms and provisions are in full accord with Section 7, 27, and 35 of the 'Workmen's Compensation Act' of Tennessee."

After the signatures on the agreement appears the following:

"Note: This agreement is subject to approval and review by the Judge of the Circuit Court of the County in which the claim arises, a copy to be forwarded to State Department of Labor, Division of Workmen's Compensation, Nashville, Tennessee."

Weekly payments were made to Hines by the insurer in accordance with the terms of the settlement until December 28, 1932. The check received by Hines at that time was returned unpaid. The insurance company hav-

ing become insolvent, no further payments were made by it to the petitioner.

This suit was instituted January 27, 1933, to recover the balance due under the settlement, as for total disability, against defendant Moore as petitioner's employer.

The answer denied that petitioner was in defendant's employ at the time of the accident, denied any original liability, averred that the settlement between Hines and the insurance company was made without the knowledge of defendant or without consultation with him, and, as we understand it, the answer questions the extent of the injury sustained by Hines. The answer also pleaded the one-year statute of limitations provided in the statute against suits for workmen's compensation.

The petition filed by Hines was broad enough to open up the whole question of his right to compensation as an original proposition, and the answer of Moore denied the material allegations of the petition. While the judgment of the court, generally speaking, found these issues in favor of Hines, and there was evidence to sustain such conclusions, nevertheless the finding of facts made by the trial judge shows that he treated the agreement between the insurer and Hines as binding on defendant Moore in all respects and the judgment was obviously designed to enforce the terms of that agreement as against Moore. We are not able to gather, from the record as a whole, that the court below considered the merits of the issues between the parties, independent of the written agreement heretofore quoted. Aside from his written finding of facts, the comments of the court upon objections to evidence throughout the trial confirm our

impression that he attached undue weight to the settlement contract above set out.

It may be added, too, that the judgment entered is indefinite in its provisions respecting the length of time weekly payments should continue and the judgment would require correction, even if affirmed.

Concluding his finding of facts, the trial judge said:

"Defendant's insurance company investigated the matter, recognized the validity of the claim, and reached an agreement with petitioner, Hines, which was carried out up to the time of insolvency of the insurance company, and which agreement defendant Moore cannot repudiate since the insolvency of said insurance company, having permitted the insurance company to recognize the claim, make the agreement, and partially carried it out while said company was solvent."

His honor based this view of the case upon *Collins* v. *Murray,* 164 Tenn., 580, 51 S. W. (2d), 834. He pressed the authority of that case too far, doubtless due to our failure to more carefully guard the language used.

In *Collins* v. *Murray,* supra, the insurer, having recognized the claim, became insolvent after 208 of 400 weekly payments were made. Suit was thereupon brought against the employer for the balance due. But two questions were raised in that case by the employer. First, it was contended that he was relieved of further liability to his employees when he obtained insurance for their protection as required by statute. This contention was overruled and it was held that the obligation of the employer and of his insurer was joint and several. Second, it was contended that the suit, having been brought more than one year after the accident, was barred by sections 24 and 31 (2) of the Workmen's Compensation

Statute, Code 1932, sections 6874, 6884 (2). This contention was also overruled.

It was pointed out that by section 2 (a) of the Compensation Act, Code 1932, section 6852 (a) it was provided that the term "employer," "if the employer is insured, . . . shall include his insurer, unless otherwise herein provided;" that the insurer being thus comprehended accordingly acted for and in behalf of the employer; and that this agreement between the insurer and the employee tolled the one-year statute of limitations by reason of section 31 (3) of the Compensation Act and also because the agreement amounted to a new promise that would take the case out of said statute of limitations. Section 31 (3), Code 1932, section 6884 (3), mentioned, is in these words:

"Proceedings to obtain judgment in case of default of employer for thirty days to pay any compensation due under any settlement or determination, one year after such default."

We adhere to the view that, by reason of the broad language of this section "*any* settlement or determination," a settlement or determination of compensation, whether approved by the court or not, will prevent the running of the statute of limitations until default in said settlement or determination. Likewise we are satisfied upon the authorities cited in *Collins* v. *Murray,* that such a settlement or determination amounts to a new promise which will toll the statute. Any other conclusion would offer opportunities for fraud.

The settlement made herein provided for payments of $9.58 per week "and that said compensation shall be payable from 3rd day of September, 1930, until terminated in accordance with the provisions of said

Act, as for a total of ——— weeks." We think this is equivalent to a promise to pay the sum stipulated for such a number of weeks as is provided by the compensation statute for the injuries received by the employee. In other words, to pay what is due or owed, under the law, to the employee. This is a sufficiently definite promise to take the case from under the statute of limitations. *Hale* v. *Hale*, 23 Tenn. (4 Humph.), 183; *Broddie* v. *Johnson*, 33 Tenn. (1 Sneed), 464; *Luna* v. *Edmiston*, 37 Tenn. (5 Sneed), 159, 160.

In *Collins* v. *Murray, supra,* there was no question as to the employer's original liability and, it being a death case, there was no question as to the amount due the employee's dependents. Judgment was accordingly entered. Section 27 of the Compensation Act, Code, section 6877, was not involved. That section is as follows:

"The interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on either party, shall be approved by the judge of the circuit court of the county where the claim for compensation under this chapter is entitled to be made. Upon such settlement being approved, judgment shall be rendered thereon by the court and duly entered by the clerk. The costs of the proceeding, which shall not exceed two dollars shall be borne by the employer."

■ The settlement before us was not submitted nor approved by the court. It was accordingly not binding on the insurer, the employer, nor the employee. *United States Fidelity & Guaranty Co.* v. *McBride*, 165 Tenn., 580, 56 S. W. (2d), 736; *Wilkinson* v. *Johnson City Shale Brick Corp.*, 156 Tenn., 373, 299 S. W., 1056, 2 S. W. (2d), 89; *Mangrum* v. *Aetna Life Ins. Co.*, 153 Tenn.,

209, 280 S. W., 1011; *Vester Gas Range & Mfg. Co.* v. *Leonard,* 148 Tenn., 665, 257 S. W., 395.

Under these decisions, the settlement being unapproved, the matters in controversy between petitioner and his employer remained open to litigation, including the question of the employer's liability and the amount of that liability, if any was ascertained. The settlement was only effective to cut off a plea of the statute of limitations by the employer, the suit having been brought within less than one year after breach of the agreement made.

Being of opinion that the case was not investigated below on the basis just indicated, and that it should be so investigated, the judgment of the trial court is reversed and the cause remanded for further proceedings. The costs of this court will be divided.