Klinke Bros. Dairy Co. *et al. v.* Maharrey.

(*Jackson,* April Term, 1937.)

Opinion filed May 1, 1937.

E. W. Braden, of Memphis, for plaintiffs in error.

Luther H. Graves and F. B. Gianotti, Jr., both of Memphis, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a compensation case in which there was an award against the employer and its insurer.

On December 28, 1931, the employee sustained a compensable accident. He continued work for several days, was then forced to lay off and have medical treatment and returned to work on March 24, 1932. Compensation was paid to him, together with his medical expenses, during the period of disability just mentioned.

After returning to work on March 24, 1932, the employee worked continuously until January 7, 1933, doing the same work and receiving the same wages as before his injury.

On January 7, 1933, the employee was laid off. According to the employer, this was for lack of work and not due to the inability of the employee to perform his duties nor to any dissatisfaction as to the manner in which he had been performing such duties.

In March, 1933, the employee brought a suit for compensation, alleging total disability. A nonsuit was taken in this action and the present suit brought promptly, shortly after the nonsuit.

A number of defenses are interposed by the employer and its insurer, among others, a plea of subsection 1 of section 6884 of the Code limiting "actions or proceedings by an injured employee to determine or recover compensation" to "one year after the occurrence of the injury."

It seems to us that this plea must be sustained. The employee relies on subsection 3 of section 6884 of the Code which limits "proceedings to obtain judgment in case of default of employer for thirty days to pay any compensation due under any settlement or determination one year after such default."

The argument is that the original suit herein was brought within less than a year after the last payment of compensation to this employee—the last payment having been made in March, 1932.

■ ■ Section 6884, subsection 3, of the Code by its terms relates to a default of the employer respecting compensation due under "any settlement or determination." There was no settlement or determination in this case of the amount due the employee except one entered into between the employee and the employer's insurer on March 31, 1932, in which it was expressly stipulated that the amount paid to the employee as heretofore mentioned was received "in full and final settlement." This settlement was not approved by the circuit court as provided by statute and consequently would not have prevented a suit for compensation by the employee within one year after the injury. *Moore* v. *Hines,* 170 Tenn., 456, 95 S. W. (2d), 928, and cases cited.

The agreement entered into between the employee and the insurer, however, refutes the idea that there was any settlement or determination between the employee on the one hand and the insurer and employer on the other, whereby any obligation to pay further compensation to the employee was assumed. No further undertaking having been entered into by the employer or its

insurer, there was no default under subsection 3 of section 6884 so as to make that statute applicable.

Such a settlement or determination as to future compensation may doubtless be implied, as in *Collins* v. *Murray,* 164 Tenn., 580, 51 S. W. (2d), 834, so as to bring default thereunder within Code section 6884, subsection 3. But in the absence of a settlement or determination of some sort, this statute cannot be invoked.

The case before us falls under the authority of *Gaines* v. *Du Pont Rayon Co., Inc.,* 168 Tenn., 361, 79 S. W. (2d), 40, wherein it was held that an employer's recognition of an employee's injury or illness and payment of medical bills and compensation for a few weeks did not amount to a new promise on which an employee could base an action to recover further compensation for accidental injury after the period of limitation prescribed by Code, section 6884, subsection 1, and by Code, section 6874.

For the reasons stated, the judgment of the trial court must be reversed and this suit dismissed.