WHITE *v.* TRAVELERS INS. CO.

(*Knoxville*, September Term, 1948.)

(May Session, 1949.)

Opinion filed July 2, 1949.

THOS E. MITCHELL, Johnson City, for plaintiff in error.

PENN, HUNTER, SMITH & DAVIS, Kingsport, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

This is a suit under the Workmen's Compensation Law brought by an employee against the insurance carrier of his employer. The determinative question presented by the appeal is whether the suit was barred by the statute of limitations of one year, Code Sections 6874, 6884 (1).

For approximately 50 weeks from the date of the accident and injury on August 10, 1945, and until July 8, 1946, the defendant paid the plaintiff weekly compensation at the rate of $18 per week, an amount which would have been payable for either temporary total or permanent total disability. At intervals throughout the 50 weeks defendant stopped compensation and renewed payments only after the plaintiff had submitted to further medical examination. Finally, on July 8, 1946, defendant refused to pay further compensation. The year of the statutory limitation ran out on August 10, 1946, and this suit was not filed until November 27, 1946. In dismissing the suit, the Trial Judge made the following finding: ''That petitioner and defendant did not enter into a contract, agreement settlement or determination for defendant to pay compensation as contemplated by Section 6884 (3) of the Code of Tennessee of the Workmen's Compensation Act: that the petitioner received an injury by accident on August 10, 1945 and petitioner did not institute suit until November 27, 1946; that the statute of limitations began to run from August 10, 1945; that the petitioner's pleading of estoppel is not good; and, that defendant's plea of the statute of limitations should be sustained and petitioner's suit dismissed.''

To support the appeal the plaintiff makes the following two assignments of error:

"Assignment No. 1. The learned trial Court erred in sustaining the plea of statute of limitations of one year from the time plaintiff suffered the accidental injury, when the defendant had paid plaintiff compensation for more than fifty weeks, and recognized plaintiff's total and permanent disability during this time. The learned trial Court should have held that the one year statute of limitations was not applicable where the defendant had recognized liability and the defendant had had plaintiff examined from time to time and thereafter resumed payments.

"Assignment No. II. The learned trial Court was in error in refusing to sustain the plea of estoppel, as defendant had paid plaintiff compensation in excess of fifty weeks, that it had its doctors examine him from time to time and after such examinations continued payments, and on three or four occasions discontinued payments, and after such examinations would resume payments. The Court should have sustained the plea of estoppel, and it was error not to do so."

The suggestion in assignment one, that the defendant "recognized plaintiff's total and permanent disability during this time," is not supported by the record. It appears to us conclusive from the evidence that the defendant never reached a definite conclusion of what was the extent or probable duration of plaintiff's injury and disability, and made the weekly payments while the question was being determined by the doctors. Finally, in July 1946, having concluded that the plaintiff's then disability was not the result of an accidental injury, the defendant refused further compensation. We make this review of the evidence solely to appraise the conduct of the parties on the question of estoppel. Also, on that

question, we find that during the 50 weeks, the plaintiff had his own doctors and his own lawyer, so that the parties were. dealing at arms length and neither had an advantage over the other as to the law or the medical questions involved. The fact that during the 50 weeks the plaintiff repeatedly submitted to further medical examination, showed that the question of the extent of his disability had not been agreed upon or determined.

Both the plaintiff and the defendant cite and consider an opinion of this Court in the case of *Stephens* v. *American Mutual Liability Ins. Co.*, 188 Tenn. 560, 221 S. W. (2d) 803. In that case plaintiff was paid compensation for a hand injury for 55 weeks after the accident. There had been no agreement about the extent of disability, and no settlement had been reached and approved under Code Section 6877 et seq. In affirming the action of the Trial Judge in sustaining the one-year statute of limitations, this Court said:

"We think it is clear from our cases that where there is a settlement between the parties, if not approved by the Circuit Court as provided by statute, it 'would not [prevent] a suit for compensation by the employee within one year after the injury.' *Klinke Bros. Dairy Co.* v. *Maharrey*, 171 Tenn. 397, 399 [104 S. W. (2d) 418,] citing *Moore* v. *Hines, supra* [170 Tenn. 456, 95 S. W. (2d) 928].

"It thus clearly appears that the voluntary payments of compensation to Mrs. Stephens, including all medical bills, without any understanding and without the Circuit Court's approval, was no bar to her right to sue her employer at any time before the tolling of the statute of limitations of one year, to recover for total and permanent loss of her hand. Having delayed bring-

ing suit for more than one year after her injury, her claim is barred."

On essentially the same facts, questions identical with those presented by assignments of error one and two, were presented to this Court in the case of *Gaines* v. *Du Pont Rayon Co., Inc.*, 168 Tenn. 361, 79 S. W. (2d) 40, and decided adversely to the contention of the plaintiff in the following statement of the opinion: "As held by the trial judge, petitioner's action to recover for the injury by accident September 12, 1930, is barred by the one-year statute of limitations prescribed by Sections 6874, 6884 (1) of the Code. There are no facts upon which to rest petitioner's theory that the company is estopped from making this defense. The transactions between the parties were carried on openly, fairly, and with knowledge by both of what they were doing. The defendant's recognition of petitioner's injury or illness and its payment of medical bills and compensation for eight weeks of disability was not the recognition of any liability beyond that assumed and paid at the time of the assumption; and was not a new promise upon which petitioner could rest an action to recover upon the accident of September 12, 1930. The petitioner's action cannot be saved from the bar of the statute, Sections 6874, 6884 (1), upon the theory that the claim he now makes was recognized by the company as in *Collins* v. *Murray*, 164 Tenn. 580, 51 S. W. (2d) 834, because this is not an action to recover compensation due under a settlement and upon which there was a default." 168 Tenn. at pages 363-364, 79 S. W. (2d) 40, 41.

Under the authorities cited, the assignments of error must be overruled and the judgment affirmed.

All concur.