THREET *v.* COX.

(*Nashville,* December Term, 1949.)

Opinion filed December 17, 1949.

Rehearing Denied February 10, 1950.

HARRY G. SABINE, of Crossville, for plaintiff in error.

TOLLETT & TOLLETT, of Crossville, for defendant in error.

478

Mr. Justice Gailor delivered the opinion of the Court.

This is a proceeding under the Workmen's Compensation Act, Williams' Code, Section 6851 et seq. Threet sued Cox for back injuries sustained while working for Cox as a coal miner. After hearing the proof the Trial Judge took the case under advisement and finally made a written finding of fact in which he dismissed the petition on the ground that the defendant was not subject to the provisions of the Workmen's Compensation Act because he did not employ the five employees required as a minimum under the Act. The pertinent part of the finding of the Trial Judge is as follows:

". . . the Court finds that the defendant was not subject to the provisions of the Workmen's Compensation laws of the State of Tennessee, at the time the petitioner was injured while working in the mines of the defendant in that the defendant had only been operating said mines for a period of three weeks prior to the plaintiff's injury, and during said period

of time which it operated said mines it did not have five or more regular employees working for it in the operation of said mines, and the plaintiff could not maintain his suit under the Workmen's Compensation Law; that the employees working for Lawrence D. Cox, at his saw mill which was the regular business of the said Lawrence D. Cox, could not be added to or taken under consideration in determining the number of regular employees working for the defendant at the mines at the time of the injury to the petitioner in said mines, which said saw mill business was separate and distinct from the operation of said mines, and in no way connected therewith, and the Court disallows the insistence of the petitioner, that the employees at the mill should be counted in ascertaining the number of the employees at the mines, because said saw mill employees were not regular employees of the defendant at its mines and said two businesses were maintained and operated in a different separate and distinct manner and neither operation was connected with or had any relationship to the other.''

 The Trial Court then dismissed the petition and the plaintiff has appealed, making five assignments of error. Since the last four of the assignments of error assert that the decision of the Trial Judge was against the preponderance of the evidence and would have this Court reweigh that evidence to change the judgment, they are not for our review. In the Supreme Court, in cases rising under this statute, the finding of the Trial Judge is conclusive on questions of fact, though the preponderance of the evidence be against the finding. *Vester Gas Range Mfg. Co.* v. *Leonard,* 148 Tenn. 665, 257 S. W. 395. If the finding of the Trial Judge is supported by any ma-

480

terial evidence, it must be affirmed. *Hedges-Walsh-Weidner Co.* v. *Haley,* 165 Tenn. 486, 55 S. W. 2d 775; *Liberty Mut. Ins. Co.* v. *Maxwell,* 164 Tenn. 1, 46 S. W. 2d 67; *Cantrell Co.* v. *Goosie,* 148 Tenn. 282, 255 S. W. 360; *Milne* v. *Sanders,* 143 Tenn. 602, 228 S. W. 702; *Washington County* v. *Evans,* 156 Tenn. 197, 299 S. W. 780; *Cambria Coal Co.* v. *Ault,* 166 Tenn. 567, 64 S. W. 2d 18; *Wilkinson* v. *Johnson City Shale Brick Corp.,* 156 Tenn. 373, 299 S. W. 1056, 2 S. W. 2d 89; *Black Diamond Collieries* v. *Deal,* 150 Tenn. 474, 265 S. W. 985; *Diamond Coal Co.* v. *Jackson,* 156 Tenn. 179, 299 S. W. 802.

 The first assignment, which is the only one under the foregoing authorities that is subject to our review, is as follows:

"The finding of the Trial Court, that Defendant did not have five or more regular employees at the time of Complainant's injury, is not supported by material evidence."

The pertinent part of the defendant Cox's testimony is as follows:

"Q. Were you operating the mine under the Workmen's Compensation Laws of the State of Tennessee and how long had you been operating the mine? A. No, I was not operating under the Workmen's Compensation Law. It was just a little truck mine I had opened up and had been working it for about three weeks or a little longer, not very long; my regular business was saw milling and I was not regularly engaged in mining, had just started this little opening and worked it for a short time; that I told the men I was not operating it under the Compensation Law and told them there wouldn't be any compensation insurance as I was going to work but three or four men at this mine and that I didn't hire

more than four men at a time, and all the men who worked for me at this time knew I was not operating it under the Compensation Law; that when I first started this opening I just had three men working, Henderson Conley, Taylor Wyatt and Dallas Robbins; and that these three men worked until I hired Scott Threet, which was about two weeks before Threet was injured, and Henderson Conley quit when I hired Threet and didn't work any more; that G. W. Conley worked about 2 days just after Henderson quit, and then he quit and didn't work any more; that Mitch Cannon began working shortly after G. W. Conley quit. . . .

"Q. How many men were you working at the mine when Threet was injured? A. Four. I never had over four regular men and part of the time I had only three."

We think that the foregoing was material, substantial evidence to support the judgment of the Trial Judge.

The assignments of error are overruled and the judgment is affirmed.

All concur.