Bobby C. GANUS, Appellant,

v.

Laverne ASHER and Maud B. Asher d/b/a Asher Service and Decorating Company, Appellees.

Supreme Court of Tennessee.

Feb. 13, 1978.

T. Robert Hill, Hill & Sanders, Jackson, for appellant.

W. Lee Lackey, Lackey & Lackey, Savannah, for appellees.

## OPINION

FONES, Justice.

In this workmen's compensation case both plaintiff and defendant moved for summary judgment and the learned trial judge granted defendants' motion and dismissed the suit.

The issue was whether defendants had five or more employees as contemplated by T.C.A. §§ 50–902(a), and 50–906(d), bringing the partnership within the coverage of the workmen's compensation act.

On behalf of plaintiff, his own affidavit and that of C. M. Sharp, another employee of defendants assert that:

"On November 12, 1975, and for a substantial length of time prior thereto, Ash-er's Service & Decorating Company had in its regular employment the following employees: David A. Tindol, Bobby Ganus, Gene R. Wilson, Anna Pettigrew, John Vandiver, Bobby R. Free, Vallie D. Moffett, Ronnie L. Young, Hollis Johnson and C. M. Sharp."

These names were listed as employees on defendants' quarterly federal tax return form 941 for the quarter ending September 30, 1975.

Defendants relied upon Maude Asher's answers to plaintiff's interrogatories, and her affidavit wherein she asserted that at no time between July 1, 1975 [1], and November 12, 1975, the date of plaintiff's injury, did the partnership have in its regular employment more than four employees.

The trial judge did not expressly or impliedly find that there was no genuine issue as to any material fact. T.R.C.P. 56.03. The recitation in the decree is to the effect that after considering the entire record, the Court found that defendants did not have five (5) or more employees on the date of the injury and therefore they were not subject to the workmen's compensation act, T.C.A. § 50–902(a).

The evidence being contradictory on a material issue of fact, it was error to grant summary judgment. T.R.C.P. 56.03.

The evidence considered above was found in the technical record and is properly before this Court on an appeal from summary judgment by virtue of Supreme Court Rule 14(8). The status of the bill of exceptions is immaterial to the disposition we must make of this case.

The trial judge was also in error in declaring the law to be that employer must have five (5) persons regularly employed on the day of the injury.

Tennessee Code Annotated § 50–902(a) defines an "employer" in terms of "using the services of not less than five persons for pay."

Tennessee Code Annotated § 50–906, provides in relevant part:

1. Date of formation of the partnership.

"50–906. Employments not covered—Election of coverage—Revocation of election.—The Workmen's Compensation Law shall not apply to:

. . . . .

(d) In cases where less than five (5) persons are regularly employed; provided, however, that in such cases the employer may accept the provisions of this law by filing written notice thereof with the said division of workmen's compensation at least thirty (30) days before the happening of any accident or death, and may at any time withdraw the acceptance by giving like notice of withdrawal."

In *Brady v. Reed,* 186 Tenn. 556, 212 S.W.2d 378 (1948), defendant's contention was that "they never at *any time* had five persons regularly employed." (Emphasis added.) 186 Tenn. at 559, 212 S.W.2d 378, 379. At one point in the opinion the Court said:

"It is clear from the record that in computing the number of persons regularly employed on the day of the injury the trial judge counted the petitioner Reed, Gibson, Willie McCoy (colored, who dug the basement), the two Brady boys and the two Bolling boys, making a total of seven persons." 186 Tenn. at 562, 212 S.W.2d at 381.

The decisive issues in *Brady* were whether the persons named were casual employees or regular employees, and the Court held that they were regular employees. The fact that the parties and the Court used the day of injury to count employees under the factual circumstances revealed in the *Brady* opinion, is not equivalent to a judicial pronouncement of a rule that coverage under the Workmen's Compensation Act is dependent upon five (5) regular employees being present on the day of the injury.

*Threet v. Cox,* 189 Tenn. 477, 226 S.W.2d 86 (1949), was also cited as requiring five (5) employees *at the time of the injury.* The trial court's dismissal of plaintiff's suit upon a finding that defendant did not have five (5) or more regular employees was affirmed on appeal. The plaintiff's assignment of error was as follows:

" 'The finding of the Trial Court, that Defendant did not have five or more regular employees at the time of Complainant's injury, is not supported by material evidence.' " 189 Tenn. at 480, 226 S.W.2d at 88.

However, the Court quotes from the finding of the trial judge as follows:

" '. . . the Court finds that the defendant was not subject to the provisions of the workmen's compensation laws of the State of Tennessee, at the time the petitioner was injured while working in the mines of the defendant in that the defendant had only been operating said mines for a period of three weeks prior to the plaintiff's injury, *and during said period of time which it operated said mines it did not have five or more regular employees* working for it in the operation of said mines, and the plaintiff could not maintain his suit under the Workmen's Compensation Law; . . . .' " (Emphasis added.) 189 Tenn. at 478, 479, 226 S.W.2d at 87.

Mr. Justice Gailor writing for the Court did not make any express pronouncement that the date of the injury controls or that any time prior to the date of injury would suffice to subject an employer to the act. The facts did not require that adjudication as it appears the employment situation was the same throughout the period of operation that it was on the day of the injury. While *Threet* does not qualify as clear precedent, there is more logic for the view that this Court's affirmance of the trial court's finding was approval of a rule embracing the period prior to the injury, rather than limited to the date of injury, as obliquely expressed in the plaintiff's assignment of error.

Plaintiff asks us to hold that if an employer has paid five (5) or more persons for work during a period of time which he would leave to our discretion to select, the coverage minimums of the act would be satisfied. He argues that *Owens v. Turner,* 211 Tenn. 121, 362 S.W.2d 793 (1962), pro-

vides authority for that result. In that case defendant was apparently a builder who paid workmen a fixed price per unit of installation, such as a window or door, or a square of roofing, rather than by the hour. The principal issue litigated was whether or not the workmen were employees or independent contractors. No fact issue was presented that required a decision that the day of injury or the period preceding injury must be used to determine coverage. We therefore attach no significance to the factual recitation in the opinion that an accountant witness testified "that during 1960, the year of the injury, defendant paid compensation to twenty people from time to time."

We think the legislature intended that on the first day that five or more persons, who may be classified as regular employees under the act, work for an employer, coverage attaches and may not be withdrawn in subsequent days solely by the device of reducing the work force to four or less, regular employees.

Therefore the issue in this case upon remand is whether or not at any time between the formation of the partnership on July 1, 1975, and the date of the injury, November 12, 1975, defendant had five or more regular employees.

This case is remanded to the Chancery Court for Hardin County for a trial and decision on the merits. The erroneous insistance of both parties, initiated by plaintiff, that this case was ripe for disposition on summary judgment contributed to this unnecessary appeal. Equity requires that the cost of this appeal be shared equally. Costs in the trial court will abide the result there.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.