**Kathy Lynn WHITEHEAD,**
**Plaintiff/Appellee,**

v.

**Jerry Mac WATKINS, d/b/a Watkins**
**Equipment Service,**
**Defendant/Appellant.**

Supreme Court of Tennessee,
at Jackson.

Dec. 7, 1987.

Robert T. Keeton, Jr., Huntingdon, for plaintiff/appellee.

Gary J. Swayne, Hessing, Ventimiglia & Swayne, Paris, for defendant/appellant.

## OPINION

FONES, Justice.

In this workers' compensation case, the trial court awarded benefits to plaintiff, Kathy Lynn Whitehead, for the work-related accident resulting in the death of her husband, Ronnie Whitehead. The sole issue presented on appeal is whether the chancellor erred in finding that defendant, Jerry Mac Watkins, had employed five or more employees at a time prior to the Whitehead accident and was an employer subject to the Tennessee Workers' Compensation Law, under the authority of *Ganus v. Asher*, 561 S.W.2d 756 (Tenn.1978).

The testimony at trial showed that plaintiff's husband was fatally injured on 27 July 1981 when a back-hoe he was operating turned over. At the time of the accident, the decedent was acting in the scope of his employment with defendant. Defendant filed a narrative statement of the evidence in lieu of a transcript. Plaintiff excepted to defendant's statement and filed a statement of the evidence which was approved by the trial judge as a true and correct statement of the evidence in this case.

Plaintiff testified that she had been to defendant's place of business on several occasions and had observed four men, in addition to her husband, working for defendant. Plaintiff also testified that her husband had told her that these four men were his co-workers and were employed by defendant. These men were identified as Gary Hinson, Rudolph Garrett, Roy Vassel and Ricky Weatherford. Ricky Weatherford testified that in 1980 he was employed by defendant and his co-workers were: Ronnie Whitehead, Donald Garrett, Gary Hinson, and Roy Vassel. Roy Vassel testified that when he worked for defendant his co-workers were: Eddie Cutherson, Ronnie Whitehead, Gary Hinson, Ricky Weatherford, Stanley Powell and Rudolph Garrett.

Defendant testified that he never employed more than four employees at one time because of the workers' compensation law. He stated that at the time Roy Vassel was observed by plaintiff in the shop, Vas-

sel was employed by Pioneer Construction Company. He also stated that at that time Gary Hinson was an employee of R and W Cream Company, an unincorporated business owned by defendant. It appears from the narrative statement that plaintiff submitted interrogatories to defendant wherein documentary evidence was requested and that defendant both failed to "fully answer the interrogatories," and failed to supply any of the requested documents. Obviously, if it was true, as defendant testified, that he had never had more than five employees at any one time, payroll records would have been the best evidence of that fact. Based upon this evidence the chancellor found that defendant was an employer of five or more employees pursuant to T.C.A. § 50–6–102(a)(3) and therefore was subject to the Tennessee Worker's Compensation Law.

Defendant contends that the evidence introduced at the trial does not support the chancellor's finding that defendant was an "employer" subject to the workers' compensation law at the time of the decedent's accident. As this cause of action arose prior to 1 July 1985, review by this Court is limited by the material evidence rule. *Alley v. Consolidation Coal Co.*, 699 S.W.2d 147 (Tenn.1985).

T.C.A. § 50–6–102(a)(3) defines "employers" subject to the workers' compensation law as including:

> ... any individual, firm, association or corporation, or the receiver, or trustee of the same, or the legal representative of a deceased employer, using the services of not less than five (5) persons for pay....

In *Ganus v. Asher, supra,* this Court interpreted this section [then section 50–902(a) ], and the related section 50–6–106(4) [then section 50–906(d) ].[1] In *Ganus,* the trial court found that the defendants did not have five or more employees on the date of

injury, and therefore, concluded pursuant to the foregoing statutes that the employer was not subject to the workers' compensation law. We declared this interpretation of these statutes to be erroneous. *Id.* at 758. This Court instead held:

> We think the Legislature intended that on the first day that five or more persons, who may be classified as regular employees under the act, work for an employer, coverage attaches and may not be withdrawn in subsequent days solely by the device of reducing the work force to four or less, regular employees.

*Id.* at 759. The Court then remanded for a determination of whether the employer had ever employed five or more regular employees between its inception and the date of injury. *Id.*

In *Karstens v. Wheeler Millwork, Cabinet & Supply Co. Inc.*, 614 S.W.2d 37 (Tenn.1981), this Court determined the procedure an employer who reduces his work force below five employee must use to withdraw from coverage under the Tennessee Worker's Compensation Law. In *Karstens,* the employer had originally employed more than five employees. In addition, the employer had obtained worker's compensation insurance and had filed the required proof of insurance coverage with the Division of Worker's Compensation. On 10 October 1978, the employer reduced his work force below five employees. On 21 November 1978, the employer notified that insurance agent that it wished to cancel its compensation insurance. This agent notified the insurance carrier which notified the Division of Worker's Compensation on 11 December 1978. Nine days before this notice of termination was filed, an employee was injured in a work-related accident.

The employee contended that the employer was subject to the worker's compensa-

---

1. T.C.A. § 50–6–106(4) provides:
   The Workers' Compensation Law shall not apply to:
   \*   \*   \*   \*   \*   \*
   (4) In cases where less than five (5) persons are regularly employed; provided, however, that in such cases the employer may accept the provisions of this chapter by filing written notice thereof with the said division of workers' compensation at least thirty (30) days before the happening of any accident or death, and may at any time withdraw the acceptance by giving like notice of withdrawal;
   ....

tion law at the time of the accident. We noted that under *Ganus* a mere reduction in the employer's work force does not withdraw an employer from coverage under the act. *Id.* at 40. We also noted that the worker's compensation law does not provide a method for an employer who reduces his work force to remove himself from coverage under the act. *Id.* at 39. This Court determined that such a method was necessary to effectuate the intent of the Legislature. Therefore, we held that:

> an employer employing five or more persons who has filed proof of insurance pursuant to T.C.A. §§ 50–1205—1206 [now §§ 50–6–405 to –406] who thereafter reduces his work force to less than five persons, shall be deemed to have elected to remain subject to the Workers' Compensation Law until notice of withdrawal is filed with the Division of Workers' Compensation in accord with T.C.A. § 50–906(d) [now § 50–6–106(4) ].

*Id.* at 40.

In the present case the testimony showed that defendant employed five employees prior to the decedent's accident. There is no evidence in the record that defendant took any steps to withdraw from coverage under the Tennessee Workers' Compensation Law at any time prior to the accident. On this record we cannot say that there is not material evidence to support the trial court's finding that defendant was subject to the worker's compensation law at the time of the decedent's accident.

Plaintiff has asked this Court to declare the present appeal frivolous, and to award damages pursuant to T.C.A. § 27–1–122. We decline to do so. The judgment of the trial court is affirmed. Costs are adjudged against defendant.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.