FILED

December 15, 2016

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:15 AM



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| EARL D. WILLIS, | ) | Docket No. 30458-2016 |
| Employee, | ) | |
| v. | ) | State File No. 2016-06-0702 |
| | ) | |
| EXPRESS TOWING, | ) | Judge Joshua Davis Baker |
| Uninsured Employer. | ) | |

### EXPEDITED HEARING ORDER FOR TEMPORARY DISABILITY AND MEDICAL BENEFITS

This claim came before the Court on November 30, 2016, on the Request for Expedited Hearing filed by Express Towing pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Express Towing was required to provide workers' compensation insurance on the date of Mr. Willis' work injury based upon its employment of five or more persons. For the reasons set forth below, the Court holds Express Towing employed five or more persons and was, therefore, required to provide workers' compensation insurance for Mr. Willis.

**Claim History**

**July 19, 2016 Evidentiary Hearing and Appeal**

This is the second expedited hearing on this claim. The Court convened the first on July 19, 2016, to consider Mr. Willis' request for temporary disability and medical benefits. At the hearing, Mr. Willis testified Express Towing had employed him as a tow-truck driver for three weeks at the time of his injury and paid him an average of $750.00 per week. On March 18, 2016, at approximately one o'clock in the morning, Mr. Willis received a call from Express Towing's dispatcher to retrieve a disabled vehicle. After completing his work, he returned home in Express Towing's tow truck, which he routinely kept at his residence when he was on call. While getting out of the truck, Mr. Willis' left foot caught on the truck's step and, as he fell to the ground, his foot and leg twisted and broke his ankle in two places.

In addition to testimony concerning the accident, Mr. Willis also testified that Express Towing employed more than five people at the time of his injury. Express Towing did not appear at the hearing and was not represented by counsel at that time. After the expedited hearing concluded, the Court learned for the first time that representatives of Express Towing were waiting in the lobby but did not come to the hearing room.

On August 9, 2016, the Court entered an interlocutory order requiring Express Towing to provide Mr. Willis temporary disability and medical benefits. Express Towing then hired counsel, who appealed the interlocutory order to the Workers' Compensation Appeals Board. After filing the appeal, Express Towing filed a motion to amend the expedited hearing order with this Court seeking various forms of relief. The Court Clerk forwarded the Motion to the Appeals Board who remanded the case to this Court for consideration of the Motion.

After the Appeals Board remanded the case, this Court denied Express Towing's motion to amend the previous order. However, this Court stayed enforcement of the initial expedited hearing order after Express Towing filed a new request for expedited hearing to present evidence on the number of workers it employed at the time of Mr. Willis' accident.

## November 30, 2016 Evidentiary Hearing

The question of whether Express Towing was required to provide workers' compensation insurance was the only substantive legal issue to be determined at the hearing. Regarding that issue, the Court heard testimony from seven people associated with Express Towing, its operation, and its business locations.

Craig Allen Mann, proprietor of Express Towing, testified that he and one employee, James Mullins, drive two tow trucks for Express Towing. He said he operates Express Towing out of his home in Gallatin, where he has a shop. Mr. Mann also testified that Michael Copeland rents the premises located at 625 Cornelia Court in Nashville and operates two tow trucks in the name of Express Towing from that location. In return for using the Express Towing business license and name, Mr. Copeland pays Mr. Mann thirty percent of his income from the Express Towing operation in Nashville. Mr. Mann said he doesn't "get into what [Mr. Copeland] does as far as around the shop and who he has do things for him." Mr. Mann acknowledged he signed an affidavit containing the following statement, "Mike Copeland paid Earl Willis, his wife—Ann Copeland—who keeps books for him, and himself."

Mr. Copeland testified that he does not own a company but does own two tow trucks that he leases to Mr. Mann, who provides insurance and a business license for the tow trucks' operation. He testified that he does not have any employees currently but

acknowledged Mr. Willis was an employee at the time of his injury. Mr. Copeland admitted that he pays his girlfriend, Ann Taubert, for working at the Nashville towing lot. According to his testimony, there are two offices and two phone lines. One office area and phone line is used for his personal business while the other office area and phone line is used for Express Towing's business. When asked who sits in the Express Towing office, Mr. Copeland responded, "Jarrell will sit in there sometimes at the desk." When asked if the phone for Express Towing was in that office, Mr. Copeland answered affirmatively.

Mr. Mullins testified that he is employed by Express Towing to drive a tow truck and "to take care of everything in Nashville." He testified that he brings vehicles to the Nashville lot and sometimes answers the phone if no one else is available to answer it. When he does have to answer the phone, he testified that "whichever line [he] answer[s]," he calls Mr. Mann because "everything is his." He finds out from Mr. Mann if he "need[s] to run the call, or [if it is] something that needs to be done by somebody else."

Steven Allbright testified that he rode in the tow truck with Mr. Willis on a few occasions to ensure Mr. Willis was capable of performing the job. When asked who had requested he ride with Mr. Willis, Mr. Allbright responded that he could not remember. He then, however, stated that he rides along sometimes as a favor "when Allen gets a new driver or something and he's not sure [about the driver's capability]." He testified that he does not receive any pay when he rides with a driver.

Irby Trotter testified that he has an arrangement with Mr. Mann to perform maintenance occasionally on vehicles at the Nashville lot in exchange for permission to operate an auto-mechanic business on the premises.

Ronnie Welker testified that he lives on the lot in Nashville in Mr. Copeland's bus and performs the occasional odd job to maintain the property. Mr. Welker testified he also assists Mr. Trotter with vehicle maintenance.

Michael Jarrell testified that he lives on the Nashville lot and believes that Mr. Mann owns the towing lot. When asked about his "payment arrangement with Mr. Mann," Mr. Jarrell responded that he answers the phone, releases impounded cars and watches the property. He testified that he has lived on the property without paying rent for at least a year. When asked if living there rent-free was contingent upon working for Express Towing, Mr. Jarrell responded, "No, they're just being good to me."

3

**Findings of Fact and Conclusions of Law**

The only issue to be determined at this expedited hearing is whether Express Towing is an employer under the Workers' Compensation Law. Mr. Willis bears the burden of proving Express Towing qualified as an employer, thereby triggering its obligation to provide workers' compensation insurance. *See Winchester v. Seay,* 219 Tenn. 321, 409 S.W.2d. 378, 381 (Tenn. 1966); *King v. Buckeye Cotton Oil Co.,* 296 S.W.2d 3, 7 (Tenn. 1927). As explained below, the Court finds Express Towing is an employer under the Workers' Compensation Law and was, therefore, required to provide workers' compensation insurance coverage for Mr. Willis.

### I.      The Sumner and Davidson County towing lots are one business.

In resolving the disputed issue, the Court first addresses the business relationship between Mr. Copeland and Express Towing. The Court finds the two operations are the same business. Although Mr. Copeland owns the two tow trucks used by the Nashville operation, he cannot use his trucks to conduct business without using the business license and insurance provided by Express Towing. Indeed, the Metropolitan Government of Nashville and Davidson County, Tennessee Code of Ordinances prohibits operating a wrecker service without "obtaining and keeping in force a license from the commission to operate a wrecker service." *Metro Gov't of Nashville and Davidson County, Tenn. Code of Ordinances* § 6.80.110.

In his testimony, when asked about his business, Mr. Copeland responded, "I don't have a company." The Court agrees. The business in operation at the Nashville location belongs to Mr. Mann, the owner of Express Towing. Based on testimony and affidavits introduced at the hearing, Mr. Mann makes decisions affecting the Nashville location, such as asking for supervision of a new driver, deciding who responds to calls, and in some cases, deciding who uses the property. Mr. Mullins testified that he calls Mr. Mann for direction if he fields a call at the Nashville lot, no matter which line he might answer, because "everything is [Mann's]." Mr. Trotter testified that he and Mr. Mann reached the arrangement to operate his business rent-free on the Nashville lot in exchange for providing mechanic services to Express Towing. Mike Jarrell, who resides on the lot, testified that he believes Mr. Mann owns the Nashville lot. In his affidavit, Mr. Mann referred to the Nashville location as "my lot."

### II.      Express Towing employs five or more persons

Having found that the Sumner and Davidson County operations of Express Towing constitute one business, the Court must now determine whether the business meets the definition of an employer under the Workers' Compensation Law and, therefore, was required to provide workers' compensation insurance coverage. Under the Workers' Compensation Law, the term "employer," defined in section 50-6-102(13),

4

"includes any individual, firm, association or corporation . . . using the services of not less than five (5) persons for pay." Unless there are five or more "persons [who] are regularly employed," the Workers' Compensation Law will not apply. Tenn. Code Ann. § 50-6-106(5). "Payment may be found in anything of value, which may or may not be wages or a salary." *Garner v. Reed*, 856 S.W.2d 698, 701 (Tenn. 1993). On "the first day that five or more persons, who may be classified as regular employees under the act, work for an employer, coverage attaches and may not be withdrawn in subsequent days solely by the device of reducing the work force to four or less." *Whitehead v. Watkins,* 741 S.W.2d 327, 328 (Tenn. 1987)(quoting *Ganus v. Asher,* 571 S.W.2d 756, 759 (Tenn. 1978)). Tennessee Code Annotated section 50-6-102(A) (2015) defines "employee" to include "every person . . . in the service of an employer . . . under any contract of hire or apprenticeship, written or implied." The Court finds that Express Towing had six employees.

It is undisputed that Mr. Willis was an employee of Express Towing at the time of his injury. In addition to Mr. Willis, the Court also finds that Mr. Mann, Mr. Mullins and Mr. Copeland were also employees. Mr. Mann, the business owner, testified he receives "a percentage of the proceeds" from the operation of Express Towing and drives a tow truck regularly. Mr. Mullins testified he works for Express Towing, and Mr. Mann corroborated his testimony. Mr. Copeland drives a tow truck for Express Towing and also receives a percentage of the money made for each call.

Ms. Taubert was also an employee of Express Towing. While Mr. Mann provided little detail about the days and hours Ms. Taubert works, he admitted in his affidavit that Mr. Copeland paid Ms. Taubert to "keep books" and perform office duties at the Nashville location. Further, Mr. Copeland acknowledged in his testimony that he gave Ms. Taubert money in exchange for helping him with the towing business. While Mr. Copeland attempted to minimalize Ms. Taubert's involvement, the Court finds she is regularly employed based upon Mr. Mann's affidavit.

Mr. Jarrell was also an employee of Express Towing. Although he was not paid money for his service, his "arrangement" was to answer phones, release impounded cars, and watch the property in return for living on the lot rent-free. Further, the Court finds that Mr. Jarrell was regularly employed to perform duties that furthered the business of Express Towing. Mr. Jarrell regularly answered the phone and manned the Express Towing office while living on the lot. In this Court's view, Mr. Jarrell's rent-free living arrangement served as compensation for his work at Express Towing.

Accordingly, the Court finds that Express Towing had six employees including Mr. Willis at the time of his injury. Because it had six employees, Express Towing meets the definition of employer and was required to provide those employees workers' compensation insurance coverage.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court orders the previous order of August 9, 2016, be enforced.

2. This claim is set for a scheduling hearing on **February 6, 2017, at 9:30 a.m. (CDT)**. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Initial Hearing. Failure to participate in the hearing may result in determination of issues without your input.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED THIS THE 15TH DAY OF DECEMBER, 2016.**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

6

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.000. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's

position statement.  All position statements pertaining to an appeal of an interlocutory order should include:  (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

1. Affidavit of Craig Mann
2. Affidavit of Irby Trotter
3. Affidavit of James Mullins
4. Affidavit of Steve Albright

Technical record:[1]

1. REH filed September 26, 2016
2. Order Granting Stay
3. Expedited Hearing Order filed August 9, 2016
4. Express Towing's Prehearing Brief
5. Express Towing's Witness and Exhibit List

---

[1] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 15th day of December, 2016.

| Name | Certified Mail | Via Fax | Via Email | Address |
|------|------|------|------|------|
| Thomas Lehman | | | X | eric@lehmansandifar.com |
| Kitty Boyte | | | X | kboyte@constangy.com |

_____
Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov